### TREADWELL *v.* PAYNE & DEWEY.

A STRANGER to the title of real property, though in possession, cannot go into equity and enjoin the purchasers and owners thereof from setting up and enforcing their title, on the ground that it was fraudulently and illegally acquired by them of a third person who does not complain. Having no title himself, it is immaterial to him whether he be evicted by such purchasers or their vendor.

The doctrine of estoppel has no application to the facts of this case, which see.

APPEAL from the Twelfth District.

The substance of the complaint is, that in March, 1850, the Alcalde of San Francisco, John W. Geary, made a grant of the lots in controversy; that in December, 1850, this Court, in the case of *Woodworth* v. *Fulton*, (1 Cal.) decided such grants to be void on their face—no evidence of title; that under the Act of March, 1853, Congress authorized town sites on public lands of the United States to be entered in the Land Office for the use and benefit of the occupants thereof, impliedly or expressly recognizing a present right of possession in such

occupants; that the premises were so entered; that, July, 1853, one McHenry being in possession of the premises and occupant thereof, conveyed the same to plaintiff for $2,900, who entered into possession, and some time after, but before the decision of this Court in *Cohas* v. *Raisin*, (3. Cal.) commenced grading and building a house thereon, and in a short time made improvements of the value of $4,000, which still remain; that some months before the decision in said case of *Cohas* v. *Raisin*, rendered in October, 1853, the opinion was written out and agreed on by a majority of the Court, and that defendants, before August, 1853, discovered by a clandestine examination of or among the private papers of one of the Judges of the Court, or by some other means, that said opinion had been so written out and would be delivered as the decision of the Court at some future day; that with this knowledge, and with intent to defraud plaintiff, they bought the premises and permitted plaintiff to go on and make his improvements, intending in time to sue for and recover the premises, and that defendants have now brought ejectment against plaintiff.

The answer denied these allegations, though plaintiff contended that some of the denials were not full.

The Court below dismissed the bill. Plaintiff appeals.

*J. P. Treadwell,* Appellant, in person.

I.   The deed to defendants on which they bring their ejectment suit, is void against the plaintiff, as originating in and growing out of a transaction against public policy.

The plaintiff has a standing in a Court of Equity to have the defendants perpetually enjoined from asserting any right against him under such void deed, on the principle of public policy alone.

The defendants' unlawful discovery of the forthcoming decision was a constructive fraud on the plaintiff's right as a citizen, to have the law pronounced by the Supreme Court, for all at the same time.

The plaintiff is entitled to relief in equity on the joint ground of public policy, and unconscientious advantage of his situation and a violation of his rights as a citizen. (1 Story's Eq. Jurisp. secs. 258–264; Id. secs. 292–294–297; 5 Watts & Serg. 315, 319, 327; *Wright* v. *Tallis,* 50 Eng. C. L. 905; 4 Moore, 459; *Phelps* v. *Decker,* 10 Mass. 274; *Buchler's case,* 2 Coke, 56; 2 Coke Lit. 85; 4 Kent's Com. 438; 3 Cow. 643–5; 9 Vesey, 516; *Muckleston* v. *Brown,* 6 Id. 52; *Dixon* v. *Olmins,* 1 Cox, 414; 18 Vesey, 382–3; Id. 49 note 3; 7 Id. 472;

11 Id. 536; 9 Id. 13, note 2; *Hatch* v. *Hatch*, Id. 299; Hare on Dis. 108, 204; *Metcalf* v. *Harvey*, 1 Vesey, 240; Ld. Redesdale's Tr. 53; Broom's Maxims, 572; 1 Brown's Ch. R. 125; Newland on Contracts, 478; Pr. Act, sec. 254; *Curtis* v. *Sutter, ante; Cooth* v. *Jackson*, 6 Ves. 12, 19, 20, 30–1–2, 35–7.)

II.   The defendants, with a knowledge of their claim of title, of which plaintiff was ignorant, stood by and saw plaintiff expend a large sum of money in improvements upon the land, and ought to be enjoined from asserting title against plaintiff. (*Parke* v. *Kilham*, 8 Cal. 77; *Hall* v. *Fisher*, 9 Barb. 30–1; 4 Watts, 195; Watts & Serg. 325; 2 Atk. 83; 6 Durnf. & East. 555–6; *Swartz* v. *Swartz*, 4 Barr. 358; 1 Bay. 239; 1 Story's Eq. Jurisp. secs. 385–388; 2 Ves. 443, note 3; 7 Id. 231–235, note 2; 7 Foster, N. H. 512.)

*D. Lake*, for Respondents.

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

The plaintiff filed his bill to enjoin the defendants from setting up and enforcing their title to certain real estate in San Francisco.   The ground seems to be that Payne and Dewey got secret information, by improper means, of the fact that the Supreme Court was about to render the decision in the case of *Cohas* v. *Raisin*, (3 Cal.) affirming the validity of Alcalde titles, and in consequence bought up these lots on speculation, the plaintiff then being in possession and believing his title to be good under the previous decision of *Woodworth* v. *Fulton*, the doctrine of which case *Cohas* v. *Raisin* overruled.

It is insisted that this purchase, so made, is void on grounds of public policy, and that the plaintiff here, without having any title on his part, may come into equity and have the purchase set aside.   We are unable to see upon what basis such a pretension can rest.   This is not the case of a party to a contract resisting its enforcement on the ground that it was procured by fraud or by some act or agreement opposed to public policy; nor is it even the case of a party setting up such illegality as a ground of affirmative relief against his own contract, or a contract with which he was connected.   It is the case of a stranger to the title setting up the fraudulent and illegal manner in which the title was obtained, and claiming that the property which was the subject of such contract shall be confiscated for his benefit, although the parties

defrauded are satisfied to let the contract stand.    It is clear that the title to these lots was either in Payne and Dewey's vendors or in them ; and the inducements from which Payne and Dewey acted in making the purchase cannot be availed of by plaintiff, who had no connection with the title.    It is the same thing to him whether Payne and Dewey or their vendors recover the premises, if he himself has no title to them.    Larceny is against public policy ; but we apprehend if a man stole a sum of money for the purpose of buying, and did buy land with it, that a mere intruder could not set up the manner in which he acquired it as being against public policy, as a ground for perpetually enjoining the purchaser from maintaining an action for the possession. Or if a man fraudulently obtains a patent from the Government— which act is also against public policy—that a stranger may go into possession and defeat the title on this ground.    But the plaintiff's proposition is too plainly untenable to merit further consideration.

We have taken this averment as if· it were directly and distinctly made by the bill, and not directly or indirectly denied in the answer. The objection of the plaintiff, however, is to the legal and technical sufficiency of the answer, as a full and positive denial of the charge in the bill ; which charge, indeed, for all legal purposes, need not have been answered at all.

There is no warrant in the case for the application of the doctrine of equitable estoppel.    We have repeatedly laid down the rule applicable to this subject ; and there is no difficulty in seeing that the facts of this case do not approach it.

Judgment affirmed, with costs.