## COMPTON v. NEWTON et al.

1. "A mere squatter on a lot of land, without color of title or claim of right, can not defeat the title of the true owner by conveying the land to other purchasers who have full knowledge of the nature and character of the title when they purchase it, although they may have been in possession of it for seven years under such title."
2. The verdict was unauthorized by the evidence, and must be set aside.

Submitted October 15,—Decided November 18, 1907.

Complaint for land. Before Judge Parker. Clinch superior court. May 4, 1907.

Compton filed an equitable petition against D. C. Newton and H. T. Newton, seeking to enjoin said defendants from trespassing on lot of land 387, alleged to belong to the plaintiff, and to recover damages for such trespass. The defendants in their answer admitted working the timber on the land for turpentine purposes, but claimed the right to work it under a lease to them from W. J. Reeves. The title of the plaintiff to the land rested upon a grant from the State to the plaintiff, dated October 1, 1850. He introduced no further evidence upon the question of title. W. J. Reeves, the defendants' lessor, testified in their behalf as follows: "I got a deed of land 387, in 1884, from E. Johnson. This land was not claimed by anybody but these parties who made me the deed. I bought in good faith. In 1884, I built a dwelling-house, a corn-crib, a smokehouse, and a stable on it, and cleared up six or seven acres of the land. I have been contiuously in possession of the land. Nobody ever set up a claim against it until last year, when this Compton claim was set up. . . I

knew that it took a plat and grant to make a good title. I considered the title I got to it a good title, from the fact that I saw no other person claiming it, and these parties had been there since 1865. These parties squatted there in 1865, and stayed right on it until they traded their interest to Mr. J. Johnson. I knew it to be true that they squatted on it in 1865. In 1865 they were there, and traded their squatter's right to Mr. Johnson. Mr. Johnson did not live on the lot of land. He never cultivated any field down there. He never had anybody cultivating one down there that I know of." The defendants introduced a deed from Johnson to W. J. Reeves, dated January 7, 1884, and recorded January 17, 1884. They claim the right to work the timber upon the land for turpentine purposes under a lease from W. J. Reeves. It does not appear in the record who were the parties that " squatted" on the land in 1865, nor in what year they traded their squatter's rights to Mr. Johnson. The jury returned a verdict in favor of the defendants. The plaintiff moved for a new trial upon the general grounds; the court overruled the motion, and the plaintiff excepted.

*C. J. Haden* and *R. G. Dickerson,* for plaintiff.

*W. T. Dickerson,* for defendants.

BECK, J. (After stating the facts.) The defendants in this case held under W. J. Reeves and the validity of their defense depends upon the question as to whether or not Reeves had a good title to the land upon which the alleged acts of trespass were committed. If Reeves had good title, their defense was complete, and a verdict in their favor would have been required. If Reeves had no title, the defendants were liable in damages to the plaintiff under the facts disclosed by the record, and the verdict in their favor was unauthorized. Reeves relied upon prescriptive title, maintaining that he had been for over seven years in possession of the lands under color of title; that he had gone upon the lands in 1888, built a house there, and inclosed a field of considerable area. Without going into the question as to whether his occupancy of the land for the time elapsing between 1888 and the time of this suit was such as to have constituted a good foundation for a prescriptive title, we have reached a conclusion adverse to his contention that his title by prescription was good, based upon a fact that is independent of the question as to whether

his possession was so open, notorious, peaceable, and adverse as to meet the statutory requirements relative to those necessary ingredients of a sound title by prescription. Uncontroverted evidence in the record discloses one defect in Reeves' title which is fatal thereto; and that is that the deed constituting the alleged color of title was taken by him from one who had purchased a squatter's right from a party who was a mere squatter upon the land. Reeves purchased from Johnson, and Johnson purchased from parties who squatted upon the land in 1865. That the parties from whom Johnson derived title were mere squatters was known to Reeves himself, as is admitted by him in his testimony given on the trial. Johnson from whom he purchased, so far as appears from the record, had never been in possession of the land, nor was any deed from the squatters to Johnson introduced in evidence; the only evidence of title in Johnson being that "they [the squatters] traded their squatter's rights to Mr. Johnson in Homerville." His only title was derived from those whom Reeves knew to be squatters. Under this state of facts, it is clear that Reeves' title, originating from a mere possession of squatters, must be held to have originated in actual fraud. "Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right." Civil Code, §3584. In the case of *Brown* v. *Wells,* 44 *Ga.* 573, it was said, "The point in the case is, whether the defendant, under the evidence, was a purchaser of a mere squatter's title, or whether he was a purchaser under a bona fide claim of right to the land. If he knew at the time of the purchase that he was purchasing a mere squatter's title, he stands in no better condition than the original squatter, as against the title of the true owner of the land." See also *Lee* v. *Ogden,* 83 *Ga.* 325, and cases there cited.

*Judgment reversed. All the Justices concur.*