## CRAWFORD *v.* CRAWFORD *et al.*

Equity will not, at the instance of one in possession of land, afford affirm-
 ative relief, such as the cancellation of deeds as clouds upon title, or
 the grant of an injunction against interference with his possession,
 where it appears that he has no title and *his only relation to the prop-
 erty is possession acquired under such circumstances as that no pre-
 scription could be based thereon.

APRIL 14, 1915.

Equitable petition. Before Judge Patterson. Fannin superior
court. June 17, 1914.

J. M. Crawford instituted an action against W. G. Crawford, to
cancel certain deeds as clouds upon title, and to enjoin the removal
of timber and otherwise interfering with his occupancy of the land.
After several amendments the petition was dismissed on demurrer,
and the plaintiff excepted. One of the deeds was a sheriff's deed to
J. E. Crawford executed in 1895, in pursuance of a sale of the land
as the property of plaintiff. The other was a deed executed in 1912,
from J. E. Crawford to his son, W. G. Crawford, the defendant.
The sheriff's deed was attacked upon the ground that the levy was
excessive. Other allegations were, that at the time of the sheriff's
sale J. E. Crawford stated to the plaintiff that he would bid off the
land for him, and would convey the property to him at the proper
time, upon being reimbursed; that on several occasions thereafter
J. E. Crawford recognized plaintiff's right to the property by pur-
chasing timber from him, and on one occasion by purchasing a
right of way for the purpose of hauling logs across the land; that
a few months after the sheriff's sale certain relatives tendered to
J. E. Crawford, for plaintiff, the full amount paid to the sheriff,
and the tender was refused; that subsequently, in April, 1912, J. E.
Crawford executed a deed to W. G. Crawford, his son, for a named
consideration, and thereafter the son entered upon the land, took
away certain fruit, and cut and removed therefrom timber, and has
continued in like manner to interfere with plaintiff's possession;
and that in May, 1914, J. E. Crawford having died, another tender
was made to his administrator and one was also made to W. G.
Crawford, both of which were refused. The administrator, by
amendment, was made a party to the suit. Plaintiff first entered
possession in 1861, and remained in possession continuously and
was in possession at the time of the institution of the suit. One of
the grounds of demurrer complained that plaintiff failed to set out

an abstract of title. To meet this attack an amendment was filed, which contained the following: "When he [plaintiff] went upon said land, he had no title from any one, but said land was unoccupied, and he knew of no owner or claimant to said land, and went into possession of the same in good faith in the year 1861, and since that time he has been in continuous, open, notorious, peaceable, exclusive, and adverse possession, and in good faith."

*William Butt,* for plaintiff.

*Thomas A. Brown* and *Allison L. Prince,* for defendants.

ATKINSON, J. If the allegations of the petition stated a cause of action before the amendment last referred to in the statement of facts, the quoted excerpt from that amendment changed the petition and rendered it subject to demurrer. The relief sought was affirmative and purely equitable—the cancellation of deeds as clouds upon title, and an injunction against interference with possession. There was no pretense of title in plaintiff, save as might be derived from his long-continued possession, which commenced in 1861. The excerpt mentioned above shows affirmatively that when he entered possession he did so without any title or claim of title, intending that his possession should be exclusive and adverse. It is true that he says his entry of possession was "in good faith," but that is to be considered in connection with the other allegations; among them, that he had no title from any one, and he "knew of no owner or claimant" to the land. When the whole is considered, it shows his possession to be that of a mere "squatter," which, however long continued, would never ripen into a prescriptive title. *Compton* v. *Newton,* 129 *Ga.* 619 (59 S. E. 270); Powell on Actions for Land, § 327. As under his averments he had no title and none could be derived under the statute by prescription, he was not in a position to ask for cancellation of deeds as clouds upon title. Nor would such possession serve as a basis for the grant of injunction. This follows from application of the ruling announced in *Flannery* v. *Hightower,* 97 *Ga.* 592 (25 S. E. 371), where it was held: "Even as against a wrong-doer, an injunction will not, at the suit of a stranger to the title or possession, issue to restrain a trespass and stay waste about to be committed by cutting timber upon land; and one is such a stranger who neither claims the legal title or the right of possession thereunder, nor is in actual possession of the premises, or some part thereof, by himself or another,

under such claim of right as might ripen into a title by prescription." See also David v. Levy, 119 Fed. 799 (2). Thus it appears from the face of the petition that plaintiff was not entitled to the relief sought, and the case was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*