EWING *v.* TANNER, administrator.

No. 11919. October 15, 1937.

774

778

Sapp & Barnes, for plaintiff.

Gibson & Preston and Heath & Heath, for defendant.

HUTCHESON, Justice. The petition, while referred to as a bill of interpleader, does not come within the purview of such a proceeding as defined in the Code, § 37-1503. See *Manufacturers Finance Co.* v. *Jones Co.*, 141 *Ga.* 619 (*b*) (81 S. E. 1033);

*Phillips* v. *Kelly,* 176 *Ga.* 111 (167 S. E. 281). Whether it is one in the nature of a bill of interpleader (see *Phillips* v. *Kelly,* supra), or a bill of peace (Code, § 37-1501), we do not decide, there being no demurrer to the petition, and no question raised as to the right of the plaintiff to proceed as was done in the instant case. We therefore take the case as we find it, on exceptions to the grant of a nonsuit, and treat it as an ordinary action by the petitioner seeking an adjudication of her alleged title to the certificates and a recovery of the funds derived therefrom; and for that reason we do not decide whether, in the event of petitioner's failure to establish her claim of title, a judgment of nonsuit or a judgment decreeing title in the administrator was the proper judgment to be rendered. As to one of the certificates, the evidence affirmatively shows that it was never in the possession of Mrs. B. H. Tanner or the petitioner; but it was held by Marion Smith for the administrators of the estate of B. H. Tanner. The question then for determination is whether the evidence was sufficient to authorize a finding that the certificate in the possession of Mrs. B. H. Tanner, and transferred by her to the petitioner, was held adversely to the estate of B. H. Tanner. In view of the fact that the petitioner has had possession of the certificate for only a period of several months before the bringing of the present suit, and is holding under Mrs. B. H. Tanner, the possession of Mrs. B. H. Tanner is the only possession necessary to be inquired into, sufficient time having elapsed for her possession, if adverse, to have ripened into title. Under the circumstances of the present case the burden of proving such adverse possession rested upon the petitioner. *David* v. *Tucker,* 140 *Ga.* 240 (78 S. E. 909). "Title by prescription is the right to property which a possessor acquires by reason of the continuance of his possession for a period of time fixed by the laws." Code, § 85-401. "Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right. Permissive possession cannot be the foundation of a prescription, until an adverse claim and actual notice to the other party." Code, § 85-402. "Adverse possession of personal property for four years shall give a title by prescription." § 85-1706. The nature of

the possession of personal property and that of realty,. required to give title by prescription, is the same. *Blocker* v. *Boswell,* 109 *Ga.* 230, 237 (34 S. E. 289). In order for a possession to be the foundation of prescription, or to be adverse, it must meet all the requirements specified in § 85-402, supra. Among these requirements is that the possession must be accompanied by a claim of right. The term "claim of right" is synonymous with "claim of title" and "claim of ownership." 2 C. J. S. 571, § 55. While this does not mean that the possession must be accompanied by a claim of title out of some predecessor, it does mean that there must be some claim of title in the sense that the possessor claims the property as his own.

There is no evidence that Mrs. Tanner ever expressly claimed ownership of the certificate. A claim of right or title, however, may be evidenced by acts or conduct in relation to the property possessed, which are inconsistent with the true owner's title. Hostile possession or possession under a claim of right are, for all practical purposes, legal equivalents. Lathrop *v.* Lavarn, 83 Vt. 1, 4 (74 Atl. 331); Brown *v.* Clark, 73 Vt. 233 (50 Atl. 1066); Morse *v.* Churchill, 41 Vt. 649. On such acts or conduct on the part of Mrs. B. H. Tanner the plaintiff's case must stand or fall. While it is alleged in the petition that the certificate was sold to Mrs. B. H. Tanner by the administrators of the estate of B. H. Tanner, there is no evidence that any sale ever took place; in fact the evidence is to the contrary. Nor is there any evidence that Mrs. B. H. Tanner ever claimed, or was under the impression, that the certificate was so sold to her. So far as may be gathered from the evidence, Mrs. B. H. Tanner obtained possession of the certificate by reason of its being in the home of the intestate when he died. Her possession from its inception, it not appearing otherwise, must be presumed to have been permissive. "Possession per se evidences no more than the mere fact of present occupation by right; for the law will not presume a wrong; . . the case . . must depend upon the collateral circumstances, which is the quality and the extent of the interest claimed by the party; and to that extent, and that only, will the presumption of law go in his favor. . . For the law will never construe a possession tortious, unless from necessity. On the other hand it will consider every possession lawful, the commencement and continuance of

which is not proved to be wrongful. And this upon the plain principle that every man shall be presumed to act in obedience to his duty, until the contrary appears." Rickard *v.* Williams, 7 Wheat. (U. S.) 59, 105 (5 L. ed. 398). "Permissive possession can not be the foundation of a prescription, until an adverse claim and actual notice to the other party." Code, § 85-402. If the possession be permissive, it is presumed to be "for another," the rightful owner. Let us examine into the acts and conduct of Mrs. B. H. Tanner and see if there were any such as were inconsistent with the true owner's title. In 1924 she wrote a letter to the Deputy Insurance Commissioner of the State of Georgia, presumably inquiring about the prospects of payment of the certificates, stating that she *held* certificates in the State Mutual Life Insurance Company. This act on her part does not evidence the fact that she was claiming the certificate as her own, and, to say the least, it was not inconsistent with the fact that she was merely in possession of the certificates and holding them for the benefit of the true owner, at that time the administrators of the estate of B. H. Tanner (Code, § 113-901); particularly so when it is considered in connection therewith that she, as an heir, had an interest in the certificate and in the probability of the certificate having some value. She also turned the certificates over to Ewing, who placed them in the hands of attorney Sapp. While both Ewing and Sapp stated that they were held as the property of Mrs. B. H. Tanner, such statement, so far as the evidence discloses, was based merely upon their opinion that the certificates were Mrs. B. H. Tanner's; the opinion of Ewing being based upon her possession thereof, and that of Sapp upon the statement to him by Ewing. Such opinion evidence is of no probative value in proving *adverse* possession or a claim of right by Mrs. B. H. Tanner to the certificate in question. If the act of Mrs. B. H. Tanner in transferring all of her "right, title, interest, equity, claim, and demise" in the certificates to the petitioner, Mrs. Tanner at that time having an interest in the certificates as an heir, could be construed as an act hostile to the title of the true owners (the heirs of B. H. Tanner, the administrators having been discharged), no sufficient time has elapsed since the transfer for the statute to run.

It is true that E. L. Tanner, one of the discharged administra-

tors, testified that he considered the certificates as belonging to Mrs. Tanner. The evidence discloses, however, that the witness considered the certificates hers, not by reason of any claim of right on her part; but merely because he considered the certificates of so little value that so far as he was personally concerned it was all right with him for her to have them. There is no evidence that while acting as administrator he ever made any statement to that effect to Mrs. B. H. Tanner or any one else. While he testified that he told Mrs. B. H. Tanner that the certificates were hers, this conversation between them took place after his discharge as administrator, and, even if treated as an admission, would not be binding against the estate which he had ceased to represent. Whether it was binding against him as an heir it is not necessary to decide. Nor does his statement to Mrs. Tanner show that she then or thereafter claimed the certificates as her own, or, if so, that the other heirs had notice thereof. Even if it could be said that Mrs. Tanner held the certificates adversely from that time up to the time of the transfer of the certificates to the plaintiff, and that the plaintiff held the certificates adversely to the time of suit, sufficient time would not have elapsed for the possession to ripen into prescriptive title. The trial took place on March 9, 1937. The witness testified that the conversation took place six, seven, or eight years before. At the earliest, under this testimony, the conversation took place in 1929. At that time the estate was unrepresented, and remained unrepresented until 1936. Under these circumstances the statute was tolled for a period of five years (Code, § 85-413), and the period of four years required for the running of the statute could not have elapsed before the bringing of this suit. Under the rules of law pertaining to adverse possession, the evidence was insufficient to authorize a finding that the possession of the plaintiff and her predecessor, Mrs. B. H. Tanner, was accompanied by a claim of right for the period required by the statute, and therefore was insufficient to authorize a judgment or decree of title in the plaintiff to the certificates or to the funds derived therefrom. See *Cozart* v. *Johnson*, 181 *Ga.* 337 (182 S. E. 502). The court did not err in granting the nonsuit.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, P. J., who dissent.*