Williams, J.
 

 If the plaintiff can maintain his action at all, it is as an individual and not as a taxpayer; therefore, the court considers the cause as if it were an action by an individual.
 

 Plaintiff contends that this ordinance is violative of Section 4226, General Code, which provides: “No ordinance * * *. shall contain more than one subject, which shall be clearly expressed in its title. * * * ”
 

 In the case of
 
 Withey
 
 v.
 
 Fowler Co.,
 
 164 Iowa, 377,
 
 *626
 
 145 N. W., 923, the court, held valid an ordinance passed under an identical statute. That ordinance attempted the regulation of vehicles in use or left standing upon the streets and also provided how drivers of teams or other vehicles should be required to drive; how they should turn into an intersecting street; how they should cross from one side of the street to the other and how and where vehicles left standing on the streets should be placed; then there was also a section in the ordinance which dealt with obstructions in the street. The court said: “Little if any more than the reading of this enumeration of the several regulations said to be embodied in the ordinance is necessary to demonstrate their unity of purpose, and the propriety of gathering them into a single ordinance. * * * They all have direct reference to the use of the public streets of a city where, by reason of the amount of traffic and the great number of vehicles moving in all directions, regulation and order are demanded to avoid congestion and confusion and facilitate the transaction of business. It would be a very unfortunate situation for the government of cities if we were obliged to hold with counsel that the several matters of street regulation to which reference is made in argument are so unrelated and foreign to each other that they can be treated and regulated only by the enactment of separate ordinances.”
 

 An ordinance which relates to one general unified subject which is expressed in the title is not invalid for duality of purpose because there are several matters incorporated in its different provisions so long as they are not unconnected with or foreign to the subjective purpose.
 
 Heffner
 
 v.
 
 City of Toledo,
 
 75 Ohio St., 413, 80 N. E., 8.
 

 In the case at bar the ordinance was passed to regulate the traffic upon and the use of the streets, boulevards and property of the village of Swanton, The
 
 *627
 
 various provisions make it unlawful to park or place any vehicle upon the streets, boulevards or other public places, parks or property of the village for purpose of sale or barter, to drive, operate, park or place any vehicle in such street or public place without having the distinctive number and registration mark furnished by the director of highways displayed on the rear of trailers and semi-trailers and on the front and rear of other vehicles; and to use such streets and public places for storing such vehicles, not then in transit or actual use and service. Obviously different matters are provided for but they are closely interrelated and the ordinance is not invalid by reason of plurality of provisions. The title and body comply with the requirements of Section 4226, as quoted above.
 

 Plaintiff also claims that the ordinance is in contravention of Section 3, Article XVIII, of the Ohio Constitution which provides: “Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws.” He further maintains that the ordinance is in conflict with the equal protection clauses of the federal and state Constitutions and is class legislation.
 

 It hardly seems necessary to discuss separately these various contentions of the plaintiff. The plaintiff, as an abutting property owner, had the right to use the adjacent street, within proper and reasonable limits, to meet the exigencies of the business conducted by him on his own premises. On the other hand the village has power to prevent entirely the use of its streets and public places for carrying on a private business in which such thoroughfares and places under public control are obstructed by storing goods, wares and merchandise there for the purpose of sale or barter. Express pr implied permission to use the streets for
 
 *628
 
 private business of that kind is at best a revocable license.
 
 Rowe, Jr.
 
 v.
 
 City of Cincinnati,
 
 117 Ohio St., 382, 159 N. E., 365. By parity of reasoning the same rule applies to parks and other public places under control of the municipality.
 

 As a general rule the storage of property in public ways or places for other purposes may likewise be prevented entirely; but, of course, the rule does not apply strictly to the storing or parking of vehicles as an incident to the legitimate use of the streets for travel. Such storing and parking, however, is subject to reasonable regulation. Therefore the village has power to pass an ordinance which prohibits the plaintiff and others from using its streets and public grounds, in the manner plaintiff has used them for the purpose of carrying on the business of selling or bartering vehicles, and which prohibits their storage when not in transit or in actual use and service.
 

 There is nothing in the ordinance to indicate that it is inconsistent with state law, that it is violative of the equal protection clauses, or that it constitutes class legislation.
 

 In our judgment the ordinance is valid and constitutional.
 

 Plaintiff seeks an injunction to prevent interference with his business in dealing in used cars in the course of which he has been parking them for purposes of sale or barter on the space six feet wide or more between the sidewalk and south curb of Chestnut street in front of his store room and on a strip of land fifteen to thirty feet wide (claimed by the village to be part of Chestnut street) on the north side of the improved portion of the street, which strip is bounded on the south by the north curb of the improved portion of the street and on the north by the right of way of The New York Central Railroad Company. As to the space of six feet or more located south of the south curb the
 
 *629
 
 plaintiff has no right to an injunction because the ordinance is valid and makes his use thereof illegal.
 

 Plaintiff contends, however, that the strip north of the north curb does not belong to the village and is not a part of Chestnut street, but he neither claims nor shows that he has any right, title or interest in and to the strip himself. He seeks to prevail by virtue of the weakness of the title of the village; and so he must fail for he is not entitled to an injunction to protect a business use of real property in and to which he has no lawful claim.
 
 Gray
 
 v.
 
 Malone,
 
 142 Ark., 609, 219 S. W., 742;
 
 Campbell
 
 v.
 
 Schorr,
 
 224 Ky., 1, 5 S. W. (2d), 278;
 
 Gilchrist-Fordney Co.
 
 v.
 
 Thigpen,
 
 114 Miss., 182, 74 So., 823;
 
 Crawford
 
 v.
 
 Crawford,
 
 143 Ga., 310, 85 S. E., 192;
 
 Treadwell
 
 v.
 
 Payne & Dewey,
 
 15 Cal., 496. Since the plaintiff failed to show ownership or right of possession to the strip, it is immaterial in this action whether it was part of the street. When an attempt is made to enforce the ordinance as to this strip, the right of the village in and to it will become a pertinent inquiry.
 

 Since there is no error apparent on the face of the record the judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Myers and Gorman, JJ., concur.