ARGUED JUNE 16, 1954—DECIDED JULY 13, 1954—
REHEARING DENIED JULY 27, 1954.

828

J. H. Kennerly, for plaintiffs in error.

E. T. Hendon, Jr., contra.

MOBLEY, Justice. 1-6. The rulings announced in headnotes 1 through 6 do not require elaboration.

7. Under the uncontradicted evidence, the petitioners and the defendants, as purchasers of their respective lots abutting on Grand Avenue, acquired title to the lots, and the fee in the land embraced in Grand Avenue became vested in the respective parties as owners of the abutting lots to the middle of the street, subject to the rights-of-way over the same, in favor of all purchasers of lots in the subdivision for the purposes of ingress and egress to and from their lots. Tietjen v. Meldrim, 169 Ga. 678 (9) (151 S. E. 349).

The evidence in the present case, to the effect that Grand Avenue had never been opened as a street, but on the contrary defendants and their predecessors for more than 20 years maintained thereon a store building, a chicken yard, and a vegetable garden, was sufficient to authorize a finding by the jury that such conduct on the part of the owners in allowing the street to be used in defiance of the easements showed an intention to abandon Grand Avenue as a street. Tietjen v. Meldrim, supra.

"Before prescription can arise under an asserted claim of right, the claim must be honestly entertained. To enter upon land without any right to do so and without the bona fide claim of any right to do so is a bald trespass, which, it is true, may give the possessor, so entering, a form of property in his bare possession sufficient to enable him to hold the land as against subsequent intruders, but which can never ripen into prescriptive title. A person entering upon lands, not claiming in good faith the right to do so by virtue of any title of his own or by virtue of some agreement with someone else whom he believes to hold the title, is called a squatter. A squatter can never gain

prescriptive title to land, no matter how long he holds the possession. His possession is never considered as adverse." Powell on Actions for Land, (Rev. ed.) 389, § 327. See also Code § 85-402.

"A mere squatter on a lot of land, without color of title or claim of right, can not defeat the title of the true owner by conveying the land to other purchasers who have full knowledge of the nature and character of the title when they purchase it, although they may have been in possession of it for seven years under such title." *Compton* v. *Newton,* 129 *Ga.* 619 (1) (59 S. E. 270).

The facts in the present case show the following: In 1931 the Ingleside Methodist Church conveyed the lots which petitioners now own to the Junior Order, which deed showed Grand Avenue as a boundary. In 1946 the Ingleside Methodist Church purported to convey their interest in Grand Avenue to J. S. Farrar. The latter deed was ineffective as a transfer of title to the middle of Grand Avenue opposite the lots in question, as the deed made in 1931 by the Methodist Church to the Junior Order transferred title to the middle of Grand Avenue opposite said lots. In other words, the Methodist Church had already conveyed all its interest to the middle of Grand Avenue opposite said lots by its deed in 1931, and in 1946 had no interest to convey. In fact, the heirs of the Dabneys, when they attempted to convey by deed in 1926 to the Methodist Church, Grand Avenue opposite said lots, had no interest to the middle of Grand Avenue opposite said lots to convey, as said interest passed out of them when they sold the lots many years prior thereto.

Accordingly, where as here it appears that the defendants and their predecessors, though they had been in possession of the entire portion of Grand Avenue opposite their lots for more than 20 years, knew that their lots were bounded on that side by Grand Avenue as shown on the plat of the subdivision, and entered upon and held same under no claim of right, they could never obtain a prescriptive title to the entire street. *Mayor &c. of Forsyth* v. *Hooks,* 182 *Ga.* 78 (184 S. E. 724).

Since the defendants acquired no title in Grand Avenue by prescription, they had no title to the whole of the street, but only to the center thereof, which they acquired by grant which went with the lots under their deeds, and they would not be

entitled under the evidence to a permanent injunction against interference by the petitioners to the half of Grand Avenue to which they had no title.

Whether the valuable improvements made by the defendants in Grand Avenue were located on the half to which they hold title, or whether on that half to which the petitioners hold title is not shown by the evidence. In the absence of such proof, this court will not rule upon whether the petitioners have been guilty of such lack of diligence in sitting by and permitting the defendants to make valuable improvements upon said street, to which they had no title, as would deny them equitable relief. See *Head* v. *Crouch*, 207 *Ga.* 648 (63 S. E. 2d 647).

The verdict and the judgment, decreeing title in the defendants by prescription and permanently enjoining the petitioners from interference with that half of the street now owned by the defendants, is in error.

It follows that the trial court erred in denying the petitioners' amended motion for new trial and in entering the final decree.

*Judgment reversed. All the Justices concur.*