23726. HIWASSEE LAND COMPANY et al. v. BIDDY et al.

SUBMITTED OCTOBER 11, 1966—DECIDED NOVEMBER 23, 1966—
REHEARING DENIED DECEMBER 5, 1966.

*Al D. Tull, R. F. Chance, Chance, Maddox & Collins,* for appellants.

*Greene & Greene, James E. Greene,* for appellees.

MOBLEY, Justice. This controversy arose from a dispute between two property owners as to the true and correct dividing line between their lands. Issue was made when plaintiffs, Joe and Dorothy Biddy, filed their petition against Hiwassee Land Company and its agent seeking to enjoin an alleged trespass upon and the cutting and removing of timber from their land and praying for damages. Plaintiffs' sole contention is that they own all of the north half of Land Lot 35 up to the original land lot line by virtue of a deed to them of said property in 1957. Hiwassee Land Company vouched into court the executors of the last will and testament of George William Veach and warrantors of title to the land in dispute under the terms of a lease from George William Veach to Hiwassee Land Comany, and called upon them to defend the action. The executors were allowed to intervene, were made parties defendant, and filed a cross action alleging that the true dividing line between the property of the adverse parties was "a straight east and west line drawn between the buggy axles located in the southeast and southwest corners of Land Lot 26." This line runs south of what plaintiffs contend is the true dividing line, the original land lot line dividing defendants' Lot 26 and plaintiffs' Lot 35.

Defendants allege that they and their predecessors in title acquired title to the disputed land by adverse possession for a period of more than 20 years, and further, by acquiescence in the line for seven years by the prior coterminous landowners

and by the present owners. Defendants alleged that plaintiffs had illegally surveyed a new dividing line on their property, removed certain landmarks and buggy axles which, allegedly, designated the line established by possession and acquiescence, and prayed that plaintiffs be enjoined from so trespassing upon their property.

At the close of the evidence defendants made a motion for directed verdict which was denied. The jury returned a verdict in favor of plaintiffs enjoining defendants as prayed and awarded damages for timber cut. Judgment was rendered on the verdict. Defendants filed a motion for judgment notwithstanding the verdict and motion for new trial. The trial court overruled the motion for judgment n.o.v. and the motion for new trial on the condition that the amount of damages be reduced from $876 to $837. Defendants filed a timely notice of appeal from this judgment and enumerated as error the judgment denying their motion for directed verdict and motion for judgment n.o.v., and denial of their motion for new trial.

■ Appellees, plaintiffs in the trial court, contend that the only issue is the establishment of the original land lot line between their property and that of defendants, basing this contention upon the ground that defendants admitted this to be the only issue in Paragraph 6 of their cross action wherein they alleged: "The property in dispute being all the land north of a straight east and west line drawn between the buggy axles located in the southeast and southwest corners of Land Lot 26 in the 16th District and 3rd Section of Bartow County, Georgia . . ." Appellees emphasized the words: "corners of Land Lot 26 . . ." Their view is that a straight line drawn from one corner to the other would of necessity have to be a land lot line. Yet in Paragraph 5 of the cross action defendants allege that the petition raises the question as to the location of the dividing line between the property of the parties, and the cross action further alleges adverse possession of the land by defendants and their predecessors in title for more than 20 years up to the line they contend for, and acquiescence in said line for seven years. In view of these allegations, defendants' use of the words "corners of Land Lot 26" does

not mean the original corners of the land lot but the corners as made by a line established by adverse possession of the land up to such line or by acquiescence. Clearly, an issue in the case was whether the true dividing line was the original land lot line or the line as contended for by defendants.

Other reasons given for the proposition that the sole issue is the establishment of the original land lot line are without merit.

■ Plaintiffs introduced evidence to show that the original land lot line ran at a certain location according to a survey which they had made. Assuming that the line is, as contended by plaintiffs, the correct land lot line between the two lots, the defendants offered evidence which is uncontradicted showing that they and their predecessors in title have been in adverse possession of the 6.7 acres in dispute for more than 40 years and have thus acquired title to it by adverse possession. John Hight, 81 years of age, testified that he had lived on both properties, first on Veach's property for about six years, then on plaintiffs' for about two, and then again on Veach's for about 35 years, and had worked the land up to the line claimed by the Veaches as the true dividing line for the owners of both properties; that Will Taylor, the plaintiffs' predecessor in title, and Everett Veach, predecessor in title of defendants' intestate, had told him that they considered the true dividing line to be a straight line drawn between two stobs or buggy axles, and that he had known this line had been the line for 43 to 45 years. Herman Hight, John's son, also testified that the line marked by the iron stobs or buggy axles was the line respected by the coterminous owners, Will Taylor on the one hand, and Everett and George Veach on the other, as the dividing line.

Plaintiffs' own witness, Buford Crowder, testified on cross examination that there was a hedgerow between the two properties, that it had been there "40 years as far as I personally remember," and that the land north of the hedgerow was cultivated by tenants of the Veaches and the land south of the hedgerow was cultivated by tenants of Biddy or Will Taylor.

Defendants' evidence showed that the disputed property had been in its possession and that of its predecessors in title for a period of more than 40 years, and, that such possession was

adverse, continuous, exclusive, peaceable, and under a claim of right for over 20 years. *Code* § 85-402; *Hearn v. Leverette,* 213 Ga. 286 (99 SE2d 147); *Ewing v. Tanner,* 184 Ga. 773, 780 (193 SE 243); *Royall v. Lisle,* 15 Ga. 545 (1) (60 AD 712). As shown above, plaintiffs' own witness, Crowder, testified to the fact of adverse possession. Testimony was also given to prove the alleged acts of trespass on the part of plaintiffs upon defendants' land.

Plaintiffs introduced no evidence in rebuttal of defendants' claim based upon adverse possession but confined their proof to the establishment of the original land lot line and the amount of damages for which they prayed. Hence, the evidence demanded a verdict in favor of defendants on the undisputed evidence of adverse possession. The trial court erred in denying and overruling defendants' motion for judgment n.o.v.

*Judgment reversed. All the Justices concur.*