73837. MALLEY MOTORS, INC. et al. v. DAVIS et al.
(359 SE2d 394)

BEASLEY, Judge.

Defendants appeal from the judgment in a civil jury case, listing three enumerations of error relating to two trial errors, the first of which embraces a third.

1. The first two enumerations point to error in allowing plaintiff's counsel in the case to testify as a witness in the case-in-chief

because a) he was not listed as a witness in the pretrial order and b) he is prohibited by law from acting both as the attorney and as a witness. Included here is the objection that, as a witness, he was examined by an attorney who had not entered an appearance in the case. USCR 4.2.[1] All three objections were timely made in the trial court but only the first two are pursued here.

The attorney was not listed as a witness in the consolidated pretrial order. Had he been, of course, all of the problems related to his testifying, which were first confronted in mid-trial, could have been resolved and avoided. The order provided that it could be amended "any time prior to trial upon the showing of legal cause," that it constituted the pretrial order, and that it "supersedes the pleadings." It therefore substantially complies with USCR 7.2, setting the parameters for the trial. Here no reason was advanced nor given for exceeding these boundaries and contravening the purpose of the Rules, which is to "provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions." Ga. Const. 1983, Art. VI, Sec. IX, Par. I. "We are all bound, bench and bar alike, to the spirit [here] expressed. . . ." *Dugger v. Danello*, 175 Ga. App. 618, 620 (334 SE2d 3) (1985). The attorney's testimony related to the claimed surplus from the sale of plaintiffs' auto and the demand made therefor, to the factors giving rise to the claim of stubborn litigiousness, and to the particulars of the claim for attorney fees.

We hold that in these circumstances it was an abuse of discretion to allow the unlisted witness to testify. Although there are no cases construing Rule 7.2, see in this connection *Allstate Ins. Co. v. Reynolds*, 138 Ga. App. 582, 587 (6) (227 SE2d 77) (1976), with respect to OCGA § 9-11-16.

2. We reach the second enumeration because simply notifying defendant that the attorney will be a witness on retrial will not resolve the issues embroiled in his role as a witness. Counsel should not have been permitted to act in both the role of a witness and the role of the plaintiff's counsel in the case. *Castell v. Kemp*, 254 Ga. 556 (331 SE2d 528) (1985).

3. Over objection, the court charged the jury that punitive damages could be awarded to deter the wrongdoer from repeating the trespass. OCGA § 51-12-5. As stated in the statute, such damages are recoverable for tort actions in which there are aggravating circumstances. See generally Cobb & Eldridge, Ga. Law of Damages (2nd ed.), §§ 4-4; 4-8.

At trial, during the precharge conference, plaintiff elected to pro-

---

[1] Reference throughout is made to Uniform Superior Court Rules because, as pertinent here, they apply to the state courts. 253 Ga. 887.

ceed on the theory of a violation of the Uniform Commercial Code, OCGA §§ 9-11-504 through 9-11-507, choosing the damages provided by OCGA § 11-9-507 rather than the damages recoverable for conversion. See OCGA § 11-9-505 (1). Plaintiffs could not have both. *UIV Corp. v. Oswald*, 139 Ga. App. 697 (229 SE2d 512) (1976). Thus, this tort theory was abandoned, as acknowledged by plaintiffs on appeal. As to the UCC claim, penal damages are not recoverable. OCGA § 11-1-106 (1).

Plaintiffs had amended their complaint to include a claim for fraud. However, it was not carried forward into the pretrial order, nor was the latter ever amended. Furthermore, the charge to the jury did not include the elements of fraud. Consequently, there was no foundation in this regard for the imposition of punitive damages either, and the charge was erroneous as no tort theory was submitted to the jury.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 22, 1987 —
REHEARING DENIED JULY 9, 1987 — 

*Robert B. Silliman*, for appellants.
*Henry C. Johnson, Jr.*, for appellees.