## 46688. HALPERN v. THE LACY INVESTMENT CORPORATION.
### (379 SE2d 519)

GREGORY, Justice.

Lacy, a corporation, is the titleholder of a parcel of land which Halpern claims to own by adverse possession. A jury found against Halpern's adverse possession claim and in favor of Lacy's counterclaims for damages for slander of title and trespass and for expenses of litigation. Halpern appeals from the judgment entered on the ver-

---

dict.

The main issue on appeal is whether a *claim of right* must be made in *good faith* in order to satisfy the claim of right element of adverse possession or if the claim of right requirement is fully met by a showing only of *hostile* possession.

The parcel of land in question is located at the rear of Halpern's residential lot and is part of a large tract titled in Lacy's name. The Halpern lot was purchased in 1959 and a residence constructed on it in 1960. There was evidence that at the time of construction the Halperns realized they would like the parcel in question to be a part of their backyard. Mr. Halpern, who is now deceased, offered to purchase the parcel from Lacy's predecessor in title but he refused to sell. Knowing they did not own the parcel, the Halpern's caused it to be bulldozed, cleared and included as part of their yard. They have used it ever since.

1. The trial court charged the jury that adverse possession or title by prescription has four requirements. One of those, he said, is that possession must be accompanied by a good faith claim of right. He went on to charge the jury that a good faith claim of right may be evidenced by acts or conduct relating to the property which are inconsistent with the true owner's title. He went even further to charge that a rebuttable presumption of a good faith claim of right may arise out of the dominion one exercises over the property. But he drew the line there and refused to give Halpern's request to charge that hostile possession *is* the legal equivalent of a claim of right. Halpern contends the charge and refusal to charge constitute error but we hold the trial court was correct.

Halpern relies on *Ewing v. Tanner*, 184 Ga. 773, 780 (193 SE 243) (1937), a dispute over the ownership of personal property, where this court held that hostile possession and claim of right "are, for all practical purposes, legal equivalents." She also brings to our attention *Chancey v. Ga. Power Co.*, 238 Ga. 397 (1) (233 SE2d 365) (1977), where we wrote that a claim of right will be presumed from the assertion of dominion.

We hold that the correct rule is that one must enter upon the land claiming in good faith the right to do so. To enter upon the land without any honest claim of right to do so is but a trespass and can never ripen into prescriptive title. In the language used in *Hannah v. Kenny*, 210 Ga. 824 (83 SE2d 1) (1954), such a person is called a "squatter." See *Mayor &c. of Forsyth v. Hooks*, 182 Ga. 78, 84 (184 SE 724) (1935); *Crawford v. Crawford*, 143 Ga. 310 (85 SE 192) (1915). Here there was evidence that the Halperns knew the parcel of land was owned by another yet they simply took possession when their offer to purchase was declined. There was evidence to support a finding that this possession never changed its character.

One may maintain hostile possession of land in good faith. We construe that to be the meaning of *Ewing* in its assertion that hostile possession and claim of right are legal equivalents for all practical purposes. The holding is that most who have hostile possession of land do so with a good faith claim of right and therefore a jury or other factfinder may, in the absence of a contrary showing, infer from hostile possession that it is done in good faith that a claim of right exists. As the trial court instructed the jury, the requirement of good faith claim of right may be evidenced by acts in relation to the property inconsistent with the true owner's title. Hostile possession is such an act. *Ewing* will not be construed to hold that good faith is not required. A similar construction of *Chancey* is given.

2. Halpern complains that the trial court erred when counsel for Lacy was allowed to testify as to attorney fees. First, she contends it was a violation of OCGA § 24-9-25 which renders an attorney incompetent to testify for or against his client as to anything, the knowledge of which he may have acquired from his client. We hold testimony of attorney fees is not a matter the knowledge of which the lawyer obtains from the client. It is quite the other way around. The attorney is the source of the knowledge. Next, she points out *Malley Motors v. Davis*, 183 Ga. App. 599 (1) (359 SE2d 394) (1987), and says it controls here. But there the attorney testified about other issues in addition to attorney fees. Since the attorney was not listed as a witness on the pre-trial order list of witnesses the court held it was an abuse of discretion to allow the testimony. Here the attorney testified only as to attorney fees, following a tradition in the courts of Georgia which we decline to disturb. See *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815 (4) (285 SE2d 203) (1981). So long as the testimony is limited to attorney fees we hold it is not necessary that the attorney be listed as a witness in the pre-trial order for it is to be anticipated he will offer such testimony in any case where a claim for attorney fees is made.

3. We have examined the remaining enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur, except Smith and Weltner, JJ. not participating.*

DECIDED JUNE 1, 1989.

*Peter M. Degnan, James L. Eastham,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, James W. Hawkins, William M. Ragland, Jr.,* for appellee.