### A01A1439. HERRMAN v. COHEN et al.
(555 SE2d 17)

MILLER, Judge.

Ronald Cohen pled guilty to a federal indictment which charged him with conspiracy to conduct financial transactions knowing that the funds involved represented the proceeds of wire fraud in violation of 18 USC § 1343. Edward J. Herrman then filed a complaint in state court against Cohen seeking to set aside a contract and alleging conversion and fraud arising out of the transactions for which Cohen was indicted. Cohen filed a motion for summary judgment, which motion the court granted.

On appeal Herrman contends that the trial court erred in granting Cohen's motion for summary judgment. Herrman further contends that the court erred in failing to enforce an order compelling discovery and erred in characterizing Cohen's motion for summary judgment as unopposed. We discern no error and affirm.

1. The trial court ordered Cohen to answer Herrman's interrogatories and to properly respond to Herrman's request for production. Although Cohen responded to the court order with certain information, Herrman argues that he received no useful information in preparation for trial. Herrman now contends that the trial court abused its discretion in failing to enforce this order compelling discovery.

Herrman misperceives the role of the court in the discovery process. If Herrman was dissatisfied with Cohen's response to the court order, it was Herrman's obligation to move for sanctions under OCGA § 9-11-37 (b). It was not the court's obligation to sua sponte determine whether compliance was complete. Moreover, in his various requests for discovery, Herrman sought a list of Cohen's victims, his co-conspirators, his aliases, all Social Security numbers used, income and real estate information, a list of persons to whom Cohen transferred money or property to in excess of $100 since 1997, a copy of Cohen's petition for voluntary disbarment, and a copy of all responses from the Georgia Bar, including Cohen's disbarment. Even assuming the court erred somehow in failing sua sponte to enforce its order compelling discovery, such failure would have been harmless as this information

was immaterial under the circumstances of this case.[1]

2. Herrman argues that the court erred in characterizing Cohen's motion for summary judgment as unopposed. The first line of the court's three-page order states that "[u]pon full review of the entire record before the Court, Defendant's unopposed Motion for Summary Judgment is hereby GRANTED." A further reading of the order makes it clear that the court granted the motion for summary judgment because it found no genuine issues of material fact. Specifically, the court found that there was no evidence to support Herrman's claims. Under these circumstances, the mere reference to the fact that Cohen's motion was unopposed was not error.[2]

3. Herrman contends that the court failed to consider the law and evidence in awarding summary judgment to Cohen. In his argument, however, Herrman has failed to point to any facts or relevant law requiring reversal of the grant of summary judgment. And the only citation to the record is in the paragraph of Herrman's argument where he discusses the court's order to compel discovery, which issue was argued in a separate enumeration. Herrman's argument consists of general principles of summary judgment and authority for those principles. "This is not the kind of argument required to preserve an enumeration for appellate review. . . ."[3] The purpose of argument is "to provide guidance to this court on the basis for a claim of error and for citations of authority which tend to support appellant's allegation of error."[4]

Therefore, in the absence of proper argument and corresponding citation to authority, or to the record, we will not consider this enumeration.[5]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 24, 2001 —
RECONSIDERATION DENIED OCTOBER 18, 2001 — 

---

[1] *Kerr v. Cohen*, 249 Ga. App. 392, 397 (2) (548 SE2d 17) (2001).

[2] See *Pearson v. Small World Day Care Center*, 234 Ga. App. 843, 844-845 (2) (a) (508 SE2d 200) (1998).

[3] (Citations omitted.) *Clark v. Stafford*, 239 Ga. App. 69, 74 (4) (522 SE2d 6) (1999).

[4] (Citation and punctuation omitted.) *Green v. State*, 208 Ga. App. 1, 2 (2) (429 SE2d 694) (1993).

[5] See *Starrett v. Commercial Bank of Ga.*, 226 Ga. App. 598, 601 (2) (486 SE2d 923) (1997) (appellant enumerated the grant of summary judgment as error but only made conclusory statements and failed to present argument or citation to authority); see also Court of Appeals Rule 27 (c) (2), (3) (i).

*Arthur J. Shelfer, Jr.*, for appellant.
*T. Mark Thedieck*, for appellees.