## S09A1221. SIMMONS v. COMMUNITY RENEWAL AND REDEMPTION, LLC et al.
### (685 SE2d 75)

CARLEY, Presiding Justice.

Robert Simmons filed an action to quiet title as to a vacant lot adjacent to his property in Atlanta, claiming that he has title to the lot by virtue of adverse possession. Community Renewal and Redemption, LLC, answered and moved for summary judgment, asserting that it holds fee simple title to the lot pursuant to a quitclaim deed from the prior owner. A special master was appointed and, after a hearing, he issued a report recommending that the motion for summary judgment should be granted. The superior court adopted the special master's report and granted summary judgment in favor of Community Renewal. Simmons appeals.

1. Simmons contends that the trial court erred in granting Community Renewal's Motion for Summary Judgment on his claim of adverse possession.

> To establish title by adverse possession, whether by twenty years or seven years under color of title, a party must show possession not originated in fraud that is public, continuous, exclusive, uninterrupted and peaceable, and accompanied by a claim of right. [Cit.]

*Cooley v. McRae,* 275 Ga. 435, 436 (569 SE2d 845) (2002). In this case, Simmons does not claim possession for seven years under color of title. Rather, his sole claim is that for more than 20 years he has maintained the lot and used it for parking. Regardless of whether Simmons' alleged acts constitute possession that has been continuous and exclusive for over 20 years, the evidence clearly shows that he has never had a legitimate claim of right to the property.

> "[T]he term 'claim of right' is synonymous with 'claim of title' and 'claim of ownership.' (Cit.) While this does not mean that the possession must be accompanied by a claim of title out of some predecessor, it does mean that there must be some claim of title in the sense that the possessor claims the property as his own." [Cit.]

*Walker v. Sapelo Island Heritage Auth.,* 285 Ga. 194, 196 (2) (674

SE2d 925) (2009). Here, the undisputed evidence shows that when Simmons bought his property in 1978, the adjacent lot was owned by Lucretia Rosser, and either she or her tenant operated a business out of a building on the lot. In 1980, Ms. Rosser sold the lot to Mike Marable. After the building on the lot burned in the early 1980s, Marable had it removed. He continued to hold title to the lot until he sold it to Community Renewal in 2004. Simmons has admitted in his deposition testimony that he met Marable and knew that he held title to the lot. Simmons further testified that although he was aware that he did not own the lot and that it belonged to someone else, he nevertheless entered it around 1982 with the "hostile . . . intent to use it as a parking area."

"No prescription runs in favor of one who took possession of land knowing that it did not belong to him. [Cits.]" *Ellis v. Dasher*, 101 Ga. 5, 9 (29 SE 268) (1897). Rather,

> one must enter upon the land claiming in good faith the right to do so. To enter upon the land without any honest claim of right to do so is but a trespass and can never ripen into prescriptive title. In the language used in *Hannah v. Kenny*, 210 Ga. 824 (83 SE2d 1) (1954), such a person is called a "squatter." [Cits.]

*Halpern v. The Lacy Investment Corp.*, 259 Ga. 264, 265 (1) (379 SE2d 519) (1989). Because Simmons entered upon the lot knowing that it did not belong to him and without a good faith claim of right to do so, his entry was nothing more than a trespass which can never ripen into prescriptive title by adverse possession. See *Hannah v. Kenny*, supra at 828-829 (7) (" 'mere squatter on a lot of land, without color of title or claim of right, can not defeat the title of the true owner' "); *Mayor and Council of Forsyth v. Hooks*, 182 Ga. 78, 84-86 (1) (184 SE 724) (1936). Since there are not any genuine issues of material fact and Community Renewal is entitled to judgment as a matter of law as to the claim of adverse possession, the trial court did not err in granting the motion for summary judgment. Compare *Walker v. Sapelo Island Heritage Auth.*, supra at 198 (2).

2. Simmons contends that the trial court erred in denying his motion for a default judgment against Marable, who did not file an answer to Simmons' complaint. However,

> contrary to the procedures that might otherwise be suffi-
> cient to effect proper service and require that a responsive
> pleading be filed under the Civil Practice Act, the Quiet
> Title Act requires that, in [a] quiet title action, a special
> master must first be appointed who determines "who is

entitled to notice" and who "(c)ause(s) process to issue (in accordance with the Act)" before a party is required to file a responsive pleading. OCGA § 23-3-65 (a), (c).

*Woodruff v. Morgan County*, 284 Ga. 651, 652 (1) (670 SE2d 415) (2008).

In this case, the special master did not cause process to issue to Marable, finding instead that Marable was not an interested party in the lawsuit because he had "divested himself of any interest, claim or right" in the lot by conveying it to Community Renewal. "Without . . . the completion of proper service, [Marable was] not required to answer [Simmons'] complaint, and the trial court was not authorized to enter a default judgment against [him]. [Cit.]" *Woodruff v. Morgan*, supra.

Moreover, even if Marable was required to answer the complaint, Simmons still was not entitled to a default judgment

"since [he] failed to prove any sort of title in [his] quiet title action. Therefore, [he would] not have been allowed to obtain a default judgment quieting title to any part of the property. In a quiet title action, a plaintiff must recover on the strength of his own title or not at all. (Cit.)" [Cit.]

*Lord v. Holland*, 282 Ga. 890, 893-894 (2) (655 SE2d 602) (2008). Accordingly, the trial court did not err in denying the motion for a default judgment. See *Crawford v. Dammann*, 277 Ga. App. 442, 453 (4) (c) (626 SE2d 632) (2006) (default judgment improper where "no claim existed which would allow a plaintiff to recover").

3. Simmons contends that the trial court erred in denying his motion for a protective order, which sought protection from a request for admissions filed after the discovery period had ended. A trial court may enter such an order when "justice requires [it] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." OCGA § 9-11-26 (c). Simmons did not claim, let alone prove, any of those grounds for a protective order, and instead relied solely on his claim that the discovery request was untimely. Thus, the trial court did not err in refusing to enter a protective order.

Simmons also contends that the trial court committed various abuses of discretion in deciding that he admitted the matters set forth in the request for admissions by failing to respond to it. However, "even if the court's decision [was] an abuse of discretion, 'to prevail on appeal, [Simmons] must show that the alleged error was harmful.' [Cit.]" *Bullard v. Bouler*, 272 Ga. App. 397, 398 (1) (612 SE2d 513) (2005). As discussed above in Division 1, Simmons'

claim of adverse possession is wholly without merit since he has never had a good faith claim of right to the property. Under these circumstances, any error in the trial court's discovery rulings, which related to the authenticity of photographs from county tax records and the notice of a tax sale, was harmless. See *Herrman v. Cohen*, 252 Ga. App. 84, 85 (1) (555 SE2d 17) (2001) (discovery error harmless where information was immaterial under circumstances of the case).

4. Simmons claims that the trial court erred in awarding the special master $9,500 in fees, with each party required to pay half of those fees. OCGA § 23-3-68 provides that "[t]he court shall fix a reasonable compensation, not less than $50.00, to be paid to the master appointed under this part . . . . These fees are to be taxed in the discretion of the court as a part of the costs." Where the reasonableness of fees and costs is a matter within the trial court's discretion, the appellate court will not interfere with the decision of the trial court unless there has been an abuse of that discretion. See generally *Dee v. Sweet*, 268 Ga. 346, 351 (3) (489 SE2d 823) (1997). Simmons has failed to show that the trial court abused its discretion. Therefore, the award of compensation to the special master will not be disturbed.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*Simmons & Simmons, Robert L. Simmons*, for appellant.
*Sam G. Dickson, Barry L. Zimmerman*, for appellees.