31772. CHANCEY v. GEORGIA POWER COMPANY.

HILL, Justice.

This appeal concerns the existence and extent of an easement. Plaintiff sued Georgia Power Company. The trial court granted Georgia Power's motion for summary judgment finding that it had acquired an easement by prescription upon plaintiff's property. The court also granted Georgia Power's motion for summary judgment on its counterclaim in which it sought to enjoin the plaintiff from maintaining two gas pumps under the electric power lines. Plaintiff enumerates both orders as error.

1. The affidavits presented by Georgia Power aver that Georgia Power Company (including its predecessor Georgia Power and Light Company) has maintained an electric transmission line, known as the Waycross-Jesup line, in the same location for at least 40 years and that for

more than 20 years this line has crossed the plaintiff's property at the same place. No written deed of easement was introduced. Georgia Power maintains that by virtue of the facts set out in the affidavits, it has acquired an easement by adverse possession.

Just as fee simple title to land can be acquired by prescription, so too can an easement. Code § 85-409. Code § 85-402 sets out the following as the essential elements of adverse possession: possession that is public, continuous, exclusive, uninterrupted, peaceable, not originating in fraud and accompanied by a claim of right. Absent written evidence of title, adverse possession of the land must continue for 20 years before ripening into title by prescription. Code § 85-406.

Plaintiff insists that Georgia Power has not shown all the elements of adverse possession enumerated in Code § 85-402, supra. Georgia Power has set forth facts which show that its possession was public, continuous, exclusive, uninterrupted and peaceable. Even on motion for summary judgment (see *Thomas v. Allstate Ins. Co.,* 133 Ga. App. 193, 196 (210 SE2d 361) (1974)), Georgia Power is entitled to rely upon two presumptions in the absence of evidence to the contrary: A claim of right will be presumed from the assertion of dominion, particularly where the assertion of dominion is made by the erection of valuable improvements (*Wiley v. Warmock,* 30 Ga. 701 (2) (1860)); possession originating in fraud will not be presumed (*Hall v. Gay,* 68 Ga. 442 (2) (1882); *Evans v. Baird,* Ga. 645 (2) (1872)).

All the elements of adverse possession being shown by undisputed evidence, the grant of summary judgment on the issue of adverse possession was proper.

2. By counterclaim, Georgia Power sought an injunction against interference with its easement. A Georgia Power employee stated on affidavit that plaintiff had erected two gas pumps beneath the transmission line and that in his opinion the existence of the gas pumps directly under the line and within five feet of the pole would interfere with maintenance and repair of the line, and that in case of fire connected with the gas pumps, the transmission lines might break and be of danger to people in the vicinity.

Georgia Power did not seek a temporary restraining order or temporary injunction. Instead, it moved for a permanent injunction by summary judgment. There were issues of fact to be decided as to whether the gas pumps interfered with the easement. It therefore was error to grant a permanent injunction on motion for summary judgment in this case. *Davidson Mineral Properties v. Gifford-Hill & Co.,* 235 Ga. 176 (219 SE2d 133) (1975); *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395) (1969).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 22, 1977.

*Gibson, McGee & Blount, Lamar Gibson, Thomas A. Parker,* for appellant.

*Bennett, Pedrick & Bennett, E. Kontz Bennett, Sr., Larry E. Pedrick, Francis Houston,* for appellee.