S00A0929. CHILDS v. SAMMONS et al.
(534 SE2d 409)

CARLEY, Justice.

Helen Childs filed a petition to quiet title to a 40-foot strip of land which allegedly separated her tract from that owned by Ellis and Mira Sammons (Appellees). According to Ms. Childs, the disputed area is a former street dedicated to, but eventually abandoned by, the City of Gray. The City denied that the property once was one of its streets, and it made no claim of any interest in the strip. Appellees defended on the basis that the property never was dedicated as a municipal street and that they acquired prescriptive title thereto.

After a hearing, the special master recommended that the trial court decree that Appellees are the owners of the disputed property, but he failed to make appropriate findings of fact and conclusions of law. The trial court adopted the special master's report and, on appeal, we reversed and remanded for the entry of a new judgment containing the requisite findings and conclusions. *Childs v. Sammons*, 271 Ga. 161 (516 SE2d 779) (1999). On remand, the special master made a new report containing the findings and conclusions relied upon to support a recommended decree of prescriptive title in Appellees. Ms. Childs appeals from the order of the trial court adopting the recommendation of the special master on remand.

1. According to Ms. Childs, the evidence does not authorize a decree of prescriptive title in Appellees, but demands a finding that the property is an abandoned public street. She does not contend that the strip was ever formally or expressly dedicated to and accepted by the City. Instead, she relies upon the principle of implied dedication and acceptance.

The public use of private property is not necessarily inconsistent with the retention of dominion by the owner. *Dunaway v. Windsor*, 197 Ga. 705 (4) (30 SE2d 627) (1944). Here, there was evidence that, before the disputed area was blockaded, some motorists used it as a shortcut to travel between the highway and a dead-end public street adjoining either side of Appellees' property. However,

> [t]he mere use of one's property by a small portion of the public, even for an extended period of time, is not sufficient to authorize an inference that the property has been dedicated to a public use, unless it clearly appears that there was an intention to dedicate, and that this dedication was accepted by the public authorities, either in express terms or by implication resulting from the maintenance of a way public in its nature.

*Dunaway v. Windsor*, supra at 706 (9). The plaintiff did not proffer any evidence that the City ever maintained the strip as a municipal street open for public use. Although it appears that the county would scrape and grade the area periodically, "[i]t is established that by permitting public authorities to occasionally scrape and grade a private road, a property owner does not manifest an intention to dedicate the roadway." *Chandler v. Robinson*, 269 Ga. 881, 882 (1) (506 SE2d 121) (1998). Thus, the evidence did not demand a finding that the strip was impliedly dedicated to and accepted either by the City or the county as a public street.

2. Ms. Childs urges that the trial court erroneously predicated its decree upon the special master's finding that Appellees hold pre-

scriptive title to the strip. This finding requires proof that Appellees' possession did not originate in fraud and that it was public, continuous, exclusive, uninterrupted, peaceable and accompanied by a claim of right. OCGA § 44-5-161. Here, the evidence authorized the special master to find that Appellees and their predecessors in interest have been in continued possession of the property since 1906. As there is no evidence that the claim of possession originated in fraud, good faith is presumed. *Barfield v. Vickers*, 200 Ga. 279, 281 (36 SE2d 766) (1946). During the long period of bona fide possession, Appellees and their predecessors fenced, maintained, landscaped and put the property to various exclusive uses. "A claim of right will be presumed from the assertion of dominion, particularly where the assertion of dominion is made by the erection of valuable improvements ([cits.]). . . ." *Chancey v. Ga. Power Co.*, 238 Ga. 397, 398 (1) (233 SE2d 365) (1977). Allowing some drivers to use the strip as a cut-through between adjoining roadways is not necessarily inconsistent with Appellees' claim of right. "[A]n owner's acquiescence in the mere use of his road establishes, at most, a revocable license. [Cit.]" *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360, 362 (434 SE2d 477) (1993). The evidence authorized the special master's finding that Appellees acquired prescriptive title to the disputed property, and the trial court did not err in basing its decree upon that finding.

3. Ms. Childs maintains that the trial court erred in decreeing that she has no interest in the property, as she has at least an access easement therein. By its express terms, however, the decree makes no determination that Ms. Childs lacks any interest in the strip. Rather, the record clearly shows that there has never been any dispute that, at the minimum, Ms. Childs has an access easement across the property in question. The only issue ever presented for resolution is whether she has only that qualified interest in the property or, instead, is entitled to assert an unlimited fee simple interest therein. The special master found that Appellees held fee simple title, but he also expressly recognized that Ms. Childs acquired and continues to hold a joint driveway easement in the strip. Thus, contrary to Ms. Childs' contention, the judgment in this case does not negate that she holds this limited easement interest in the property. In resolving the only issue raised by Ms. Childs' petition to quiet title, the trial court's final order simply specifies that the disputed fee simple title is in Appellees.

4. Ms. Childs asserts that the trial court erred in failing to decree that the 40-foot strip is an abandoned City street, one-half of which she, as an adjoining landowner, now owns up to the centerline. As previously discussed, however, the evidence did not demand a finding that the property was dedicated and accepted by the City as one of its roadways. Instead, the special master was authorized to find

that, under the circumstances, Appellees hold prescriptive title to the entire disputed area.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000.

*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley*, for appellant.

*Anderson, Walker & Reichert, Albert P. Reichert, Jr., Jeanna G. Fennell*, for appellees.