S02A0679. COOLEY et al. v. McRAE.
(569 SE2d 845)

HUNSTEIN, Justice.

Appellee Robert McRae, as the executor for the estate of his mother, Marguerite M. McRae, brought this quiet title action based on a claim of adverse possession. See OCGA §§ 23-3-60 et seq., 44-5-161. At issue is title to approximately 220 acres of real property in Burke County, Georgia. Appellants Betty Daniel Cooley, L.M. Wade, Robert Stevenson, and Clarence Stevenson are the children of Sallie Mae Wade. They claim their mother received title to the property in 1911 and remained titleholder until her death in 1985, at which time they inherited her interest in the property. Appellee contends that T.W. Radford, the brother of Sallie Mae Wade and father of Marguerite McRae, acquired title to the property through adverse possession.[1] The case was assigned to a special master who conducted a hearing and filed findings of fact and conclusions of law based on the evidence presented. The trial court adopted the special master's findings and conclusions and entered judgment in favor of McRae. Because the evidence supports the trial court's determination that Radford and McRae acquired prescriptive title by adverse possession

---

[1] Appellee also claimed title under a lost and unrecorded deed but the special master and trial court found no merit to this claim and the parties did not appeal from that portion of the trial court's order.

under OCGA § 44-5-161 (a), we affirm.

To establish title by adverse possession, whether by twenty years or seven years under color of title, a party must show possession not originated in fraud that is public, continuous, exclusive, uninterrupted and peaceable, and accompanied by a claim of right. OCGA § 44-5-161 (a). "[I]n an action to quiet title brought under OCGA § 23-3-60 et seq. . . . , the findings of the Special Master and adopted by the trial court will be upheld unless clearly erroneous." *Seignious v. Metropolitan Atlanta Rapid Transit Auth.*, 252 Ga. 69, 71 (311 SE2d 808) (1984). If there is any evidence to support the trial court's judgment, it will not be disturbed on appeal. *Nebb v. Butler*, 257 Ga. 145 (357 SE2d 257) (1987).

Appellants argue that the trial court erred in granting the petition to quiet title because there was insufficient evidence that the Radford and McRae families were in possession of the property. We disagree. The record demonstrates that Radford and his lineal descendants continuously occupied the property and openly declared to others that they owned the property from at least 1950. In 1951 Radford sold timber rights on the property to O.B. Poole, who timbered portions of the property in 1951 and 1952. Poole testified that throughout the 1950s and 1960s he and his family used the property for recreational purposes with the express permission of Radford and in an honest belief that the property was owned by Radford. Since at least 1965, Radford and his descendants have regularly hunted on the property, cultivated the land, and constructed and maintained roads, fences, and gates on the property. "No Trespassing" signs were frequently posted and replaced on the property and trespassers were run off the property when discovered by family members. One of Marguerite McRae's sons testified that he has visited the property almost daily since the late 1970s, and her other sons testified that they visit and/or recreate on the property on a regular, although less frequent, basis.

After Radford's death in 1977, Marguerite McRae claimed the property as her own, as evidenced by her filing of a survey plat asserting ownership of the property, her and her family's continuous and exclusive use of the property during her lifetime, and her conveyance by deed of portions of the property to her children. In addition, appellee presented credible evidence that the estate of T.W. Radford and Marguerite McRae and her estate have been listed as sole owners of the property in the Burke County tax records since at least 1979, the earliest date for which records were available, and have paid the applicable taxes for the same time period.

In contrast, appellants never visited, maintained or cultivated the property, never built a structure on the land, and never paid taxes on the property. Appellant Cooley admitted she knew of Rad-

ford and McRae's possession of the property, that she always believed Marguerite McRae owned the property, and that she identified the property as the "Radford Place."

Based on this evidence, we agree with both the special master and the trial court that the possession of the property by the Radford and McRae families was public, continuous, exclusive, uninterrupted and peaceable, and under a claim of right as required under OCGA § 44-5-161 (a). See *Armour v. Peek*, 271 Ga. 202 (3) (517 SE2d 527) (1999) (cultivating land, harvesting trees, creating and maintaining roads, and hunting on and excluding others from the land was sufficient evidence of possession). Accordingly, the trial court did not err in granting the petition to quiet title.

*Judgment affirmed. All the Justices concur, except Benham, J., who dissents.*

DECIDED SEPTEMBER 16, 2002.

*Capers, Dunbar, Sanders & Bruckner, E. Freddie Sanders, Ziva P. Bruckner*, for appellants.

*James C. Overstreet, Jr., Fowler & Wills, John P. Wills*, for appellee.