S05A0572. CRAWFORD v. SIMPSON.
(612 SE2d 783)

HUNSTEIN, Justice.

David Crawford brought a quiet title action in 2003 against his neighbor, appellee L. Simpson Charitable Remainder Unitrust, to establish ownership of a disputed 1.32 acre tract and the proper boundary line between the two properties. The trial court adopted the special master's award and findings that appellee owned the property pursuant to both OCGA § 44-5-163 (adverse possession for 20 years) and OCGA § 44-5-164 (adverse possession under color of title for seven years). Finding no error, we affirm.

The evidence before the special master supported the findings that a 1950 deed into Daughtry, a farmer who was one of appellee's predecessors in title, reflected a boundary line along the lot lines between the two properties, which placed the disputed tract in the property owned by appellant's predecessor in title, Watson. However, aerial photographs taken in 1963 and 1979, which were used as county tax maps for the area in question, indicate that the disputed tract was being maintained in a manner that was consistent with Daughtry's property and not with Watson's property; the county taxed Daughtry accordingly for the disputed tract. A witness familiar with the disputed tract since 1967 testified that Daughtry grew hay and later planted pine trees on the tract. Although a "compiled" plat[1] prepared in 1965 for the Watson family showed the boundary line as a straight line (and thus arguably the same as the lot line boundary in the 1950 deed), a 1970 plat showed the disputed tract as part of the Daughtry property and a plat of Daughtry's property prepared after his death included the disputed tract. Appellee's immediate predecessor in interest acquired the tract along with additional acreage from the Daughtry farm in a 1992 warranty deed.

In 1996, when appellant acquired his property, the seller did not warrant the disputed boundary line as shown by the 1950 deed and when appellant in 2001 installed a fence along that 1950 boundary line, appellee had the fence removed. Further evidence established that the line shown by the 1992 warranty deed serves as the city limits for the City of Jackson and that since at least 1950 the disputed tract has been bounded on one side by a state highway.

"To establish title by adverse possession, whether by twenty years or seven years under color of title, a party must show possession not originated in fraud that is public, continuous, exclusive, uninterrupted and peaceable, and accompanied by a claim of right. OCGA § 44-5-161 (a)." *Cooley v. McRae*, 275 Ga. 435, 436 (569 SE2d 845) (2002). The findings of a special master, adopted by the trial court, will be upheld unless clearly erroneous. *Hartwell R. Co. v. Barnes*, 276 Ga. 246 (2) (577 SE2d 566) (2003).

Appellant argues that the trial court erred by granting the petition to quiet title because the evidence was insufficient to show that Daughtry and appellee's other predecessors in title possessed the property publicly, exclusively and continuously or that Daughtry's use of the property was accompanied by a claim of right. The

---

[1] The special master noted that a "compiled" plat is not prepared from a surveyor's actual field work but rather is the result of the surveyor's compiling the details on the plat from other sources of information.

testimony and exhibits demonstrate that under Daughtry and appellee's other predecessors in interest, the property was cultivated beginning by at least 1963, that taxes were paid yearly on the property, that ownership of the property was warranted when it was conveyed in 1992 and that appellant's fence was removed from the property in 2001. Unlike the properties at issue in *Anderson v. Barron*, 208 Ga. 785 (69 SE2d 874) (1952) (isolated and unfenced woodland) and *McCook v. Crawford*, 114 Ga. 337 (40 SE 225) (1901) (situated in swamp of river), cited by appellant, the disputed tract — located off a state highway and under cultivation for years — was neither remote nor incapable of actual possession without enclosure. Contrary to appellant's arguments, the evidence authorized the trial court and the special master to find that appellee's predecessors in interest maintained public, exclusive and continuous possession of the disputed tract and that Daughtry's hostile possession of the property was done in good faith that a claim of right existed. See *Halpern v. The Lacy Investment Corp.*, 259 Ga. 264 (1) (379 SE2d 519) (1989) (inference of good faith claim of right proper absent contrary showing). Finally, our review of the special master's report reveals that it contained more than sufficient findings of fact; accordingly, we decline appellant's request that we remand the case for further findings.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 26, 2005.

*Brian R. Dempsey*, for appellant.
*Richard L. Collier*, for appellee.