S07A1774. MURRAY et al. v. STONE.
(655 SE2d 821)

THOMPSON, Justice.

Plaintiff, Fannie Stone, and defendants, the Murrays, are adjoining landowners. The Murrays received a deed to their property in 1978 from Sarah Stoner,[1] Audrey Murray's mother. Stone brought this prescriptive title action against the Murrays to establish title to two tracts of land ostensibly owned by the Murrays.[2] Stone claims she purchased one of the tracts from Sarah Stoner, her sister-in-law, in the 1960s, but was never given a deed. Stone introduced evidence that she exclusively used and occupied both the tracts for more than 20 years by mowing, maintaining, fencing, and placing old cars, boats, a chicken coop, basketball goals, and a driveway on them. She also demonstrated that during that time the parties adhered to a natural boundary line which separated the Murrays' property from the two tracts. In this regard, Stone showed that when it came to placing debris on their property, the Murrays never crossed the natural boundary to use the tracts in question.

The jury found in favor of Stone on her claim for adverse possession and prescription and awarded her both tracts of land. Judgment was entered accordingly and the Murrays appeal.

1. The burden of establishing prescriptive title lies on the plaintiff. *Yerbey v. Chandler*, 194 Ga. 263 (1) (21 SE2d 636) (1942). Here, Stone introduced evidence demonstrating that she continuously and exclusively maintained and used the land in question for more than

---

[1] The Stones and Stoners are two different families.

[2] The Murrays own approximately six acres of land; the two tracts combined approximate one acre.

20 years accompanied by a claim of right. This evidence was sufficient to carry Stone's burden and support the jury's conclusion that Stone established prescriptive title by adverse possession. OCGA §§ 44-5-161; 44-5-163. See also *C & S Nat. Bank v. Haskins*, 254 Ga. 131, 136 (1) (327 SE2d 192) (1985) (evidence must be construed to uphold a verdict if there is any evidence to support it). Although a neighboring landowner testified that over the years he saw both plaintiff and the Murrays mowing the property, the credibility of that witness and the weight to be accorded his testimony were matters for the jury to resolve. OCGA § 24-9-80.

2. Because Sarah Stoner was deceased at the time of trial,[3] the trial court would not permit Stone to testify concerning the substance of conversations she had with Sarah Stoner prior to 1979. See OCGA § 24-9-1 (b), which repealed the Dead Man's Statute, Code Ann. § 38-1601, in 1979, and which applies prospectively only. However, over objection, Stone was allowed to testify concerning conversations she had in 1986 with Sarah Stoner and Audrey Murray. In this regard, Stone averred that she visited Sarah Stoner and that Audrey Murray was present; that Audrey Murray told her she had not finished paying for the tracts; that she inquired as to how much was owed and that Audrey Murray said she still owed $240; that she then gave Audrey Murray a $100 check bearing the notation "on land"; and that a few days later she gave Sarah Stoner a $140 check bearing the notation "paid in full land — 210 ft. by 80 ft. of land."

The Murrays assert the trial court erred in permitting Stone to testify regarding the transaction and conversations she had with Sarah Stoner and Audrey Murray in 1986. The Murrays argue that the original transaction between Stone and Sarah Stoner took place in the 1960s; that Stone's conversations with Stoner and Murray in 1986 were nothing more than a continuation of the 1960s transaction; and that, therefore, Stone's testimony concerning the 1986 transaction and conversations violated the Dead Man's Statute. This assertion is without merit. *Wilson v. Nichols*, 253 Ga. 84, 85 (1) (316 SE2d 752) (1984).

3. In light of Stone's testimony that her original cancelled checks and bank statements from 1986 were unavailable, it cannot be said that the trial court abused its discretion in allowing plaintiff to introduce two "carbonless copies" of checks showing payments to Audrey Murray and Sarah Stoner in 1986. See *Brookman v. Rennolds*, 148 Ga. 721, 722 (4) (98 SE 543) (1919) (inaccessibility of primary evidence and diligence of party are matters within the discretion of the trial court); OCGA § 24-5-21.

---

[3] Sarah Stoner died in 1990; the case was tried in 2006.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2008.

*Renzo Wiggins, Presley & Simonds, Buddy B. Presley, Jr.*, for appellants.

*Sawyer & Sawyer, Horace K. Sawyer III*, for appellee.