*Garland, Samuel & Loeb, Edward T. M. Garland*, for Constanzo.

S07A1819. DOUBLE "D" BAR "C" RANCH v. BELL et al.
(658 SE2d 635)

HUNSTEIN, Presiding Justice.

Double "D" bar "C" Ranch brought a quiet title action regarding a 25.09 acre parcel of land situated between Lebanon Road and "Old Ridge Road," a public road abandoned after Lebanon Road was constructed in the 1930's, in land lot 161 in Fannin County. The ranch alleged that it owned the property both as holder of record title and by prescription. A special master was appointed who conducted a hearing and then issued a report in which he recommended that title in the property be quieted in favor of appellees. The superior court adopted the special master's report and the ranch appeals. Finding no error, we affirm.

Recorded deeds, stipulated as admissible by the parties, established that the common grantor to both parties, L.L. Weeks, conveyed 30 acres in land lot 161 west of a "public road" to John F. Thomas in 1893 and conveyed 125 acres lying east of a "public road" to W.O. Clift in 1903. It is uncontroverted that Lebanon Road did not exist at the time of these conveyances; hence, the special master found that the "public road" referenced in the deeds was the now-abandoned Old Ridge Road. Additionally, the special master was entitled to credit the testimony of witnesses that Old Ridge Road was known as the boundary between the Clift and Thomas properties for at least the prior 70 years. See generally *Cooley v. McRae*, 275 Ga. 435 (569 SE2d 845) (2002) (findings of special master adopted by trial court in quiet title action will be upheld unless clearly erroneous).

Appellees claim the contested property under chain of title back to Thomas based on a 1968 deed into them. Although that deed did not expressly mention land lot 161, it referenced the immediate prior title in appellees' chain, a publicly recorded 1952 deed, which appellant conceded below included the disputed property, as well as the owners of the adjacent properties bounding the property conveyed. Appellant claims the contested property under chain of title to a 1991 deed, in which the executor of the estate of George Clift purported to convey the disputed property along with property to the east of Old Ridge Road to Clement Clift. Clement Clift, in turn, used the property to secure an indebtedness; after his untimely death, the property was foreclosed and purchased by Dunn, appellant's immediate predecessor in title. Dunn, however, divided the property and conveyed it to appellant in 1997 by means of two separate deeds: a quitclaim deed for the disputed property and a warranty deed for the property east of Old Ridge Road.

1. Appellant argues that the deed into appellees is void for vagueness and that it thus has title to the property under its quitclaim deed. Contrary to appellant's contention, however, our review of the deeds in the Thomas chain of title confirms the special master's finding that the 1968 deed into appellees contains sufficient keys from which identification of the boundaries of the property conveyed could be ascertained with the use of extrinsic evidence and thus that appellees have title to the contested acres in land lot 161. See generally *Head v. Lee*, 203 Ga. 191 (2) (b) (45 SE2d 666) (1947). Accordingly, we find no merit in appellant's arguments that appellees' title is too vague to be valid.

2. Both parties also asserted ownership of the property based on claims of adverse possession. We need not address the special master's ruling regarding appellees' adverse possession claim because our review of the transcript establishes that the special master did not clearly err when he found that appellant failed to prove actual adverse possession of the contested property. To establish title by adverse possession, appellant was required to show " 'possession not originated in fraud that is public, continuous, exclusive, uninterrupted and peaceable, and accompanied by a claim of right. OCGA § 44-5-161 (a).' [Cit.]" *Crawford v. Simpson*, 279 Ga. 280, 281 (612 SE2d 783) (2005). Appellant adduced no evidence that it has cultivated or built upon the land or enclosed or excluded others from the entire property, see id.; and the special master correctly concluded that appellant's posting of a few signs forbidding trespassing and driving off an occasional trespasser was insufficient to show possession. *Fitzpatrick v. Massee-Felton Lumber Co.*, 188 Ga. 80, 86 (3 SE2d 91) (1939). Although appellant points to its payment of property taxes on the parcel since 1997, such payment alone is insufficient to

establish prescriptive title. *Brown v. Williams*, 259 Ga. 6 (2) (375 SE2d 835) (1989). Furthermore, as the special master found, appellees showed that they, too, have been paying property taxes on the parcel since 1968, 29 years longer than appellant. Finally, although public recordation of the various 1991-1997 deeds constituted notice of an adverse claim, see generally *Gordon v. Georgia Kraft Co.*, 217 Ga. 500 (8) (123 SE2d 540) (1962) (public recordation of deed provides notoriety for adverse constructive possession), given appellant's lack of actual possession of any portion of the disputed property,* a claim based on that recordation alone must fail in light of OCGA § 44-5-166 (b) ("no prescription shall arise in favor of" an owner of land included in the boundaries of more than one tract). See *Holloway v. Woods*, 195 Ga. 55 (1) (23 SE2d 254) (1942).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 2008 —
RECONSIDERATION DENIED MARCH 31, 2008.

*Jones, Jensen & Harris, Taylor W. Jones, Richard E. Harris*, for appellant.

*Miles, McGoff & Moore, Michael C. McGoff*, for appellees.