## A08A0442. JACKSON v. THE STATE.

(661 SE2d 665)

SMITH, Presiding Judge.

Michael Jackson was convicted of aggravated assault. Following the denial of his motion for new trial, Jackson appeals, challenging the sufficiency of the evidence and the trial court's rulings with regard to admission of certain testimony. Having reviewed the record, we find no error and affirm.

Viewed in the light most favorable to the verdict, the evidence showed that during a night of drinking alcohol, Jackson and the victim had an argument that escalated into a fist fight when Jackson made an insulting remark concerning the victim's father. During the fight, Jackson bit the victim on the shoulder. A third man broke up the fight, but Jackson and the victim continued to shout at each other. The victim then noticed that he had blood on his hand and told Jackson, "you're leaking now," as he was under the impression that he had hit Jackson in the nose and that the blood on his hand was Jackson's blood. The entire altercation lasted approximately 15 minutes.

After other bystanders demanded that the victim leave, the victim walked to his home. When he arrived at his front porch, he began breathing heavily. The victim went to his bedroom to lie down on his bed when he began to experience more labored breathing. He took off his shirt and looked in a mirror and noticed cuts on his back. Paramedics were called to the victim's home.

The treating paramedic testified that the victim had five elongated, open wounds which appeared to be stab wounds, several bruises, and a bite mark on his shoulder. She stated further that one of the wounds was a "sucking chest wound" meaning that the victim's lung had been punctured. Jackson was arrested after the victim told police that Jackson was his attacker.

1. Jackson challenges the sufficiency of the evidence. The evidence outlined above, however, was sufficient to authorize a rational trier of fact to find Jackson guilty beyond a reasonable doubt of aggravated assault as alleged in the indictment. See OCGA § 16-5-21 (a) (2); *Breland v. State*, 285 Ga. App. 251, 252 (1) (648 SE2d 389) (2007) (evidence of stabbing supported jury's verdict on aggravated assault); *Campbell v. State*, 258 Ga. App. 863, 865-866 (575 SE2d 748) (2002) (sufficient evidence of aggravated battery by use of sharp weapon although no weapon seen or found); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In two enumerations, Jackson argues that the trial court erred in allowing certain testimony given by a police sergeant and an investigator.

(a) During direct examination, a police sergeant testified that

while handcuffing Jackson, he noticed that Jackson had a cut or mark on his right hand. He testified further that based on his training and experience the cut appeared to "indicate[ ] that the individual had a weapon of some type in his hand that when — when you puncture or cut somebody with it, it would leave a mark on your hand." On cross-examination, however, the officer admitted that there are "fifteen other ways" Jackson could have gotten the cut on his hand. Even if the officer's initial statement concerning the cut on Jackson's hand "invaded the province of the jury" as Jackson argues, we see no harm here as the officer later admitted that the cut could have occurred in several other ways. See, e.g., *Disharoon v. State*, 288 Ga. App. 1, 7 (2) (652 SE2d 902) (2007) (harm as well as error must be shown to authorize a reversal).

(b) Jackson argues that an investigator's testimony was based upon hearsay. The investigator testified: "I've interviewed people . . . who have been cut or stabbed, and a lot of them . . . don't even remember being stabbed or cut." The investigator stated further that over his many years of experience as a road officer, a military policeman, and an investigator, he had occasion to investigate more than 100 cases involving stabbings and cuttings. The trial court permitted the investigator to testify as an expert. Jackson argues that the investigator cannot "base his opinion on what he has heard in private conversations with others."

> Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which the jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman.

(Citation and punctuation omitted.) *Caldwell v. State*, 245 Ga. App. 630, 633 (4) (538 SE2d 531) (2000). Under the circumstances here, it was permissible for the investigator to testify that based on his experience, persons who suffer from cuts or stab wounds often do not remember being stabbed — a conclusion that is beyond the ken of the average layman.[1] See id. We find no abuse of discretion in the admission of this testimony.

---

[1] Even if the investigator's testimony was somewhat based upon hearsay, his opinion was mainly derived from his many years of professional experience. See *Velazquez v. State*, 282 Ga. 871, 875 (3) (655 SE2d 806) (2008); *Brewer v. State*, 280 Ga. 18, 20 (2) (622 SE2d 348) (2005) ("an expert may base his opinion on hearsay; the presence of the hearsay does not mandate the exclusion of the testimony, but rather goes to the weight the testimony is to be given, which is a question for the jury") (citation omitted); compare *Cobb v. State*, 283 Ga. 386, 387 (2) (658 SE2d 635) (2008) (expert testimony inadmissible where opinion was based entirely upon hearsay).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED APRIL 24, 2008.

*Harold W. Wallace III*, for appellant.
*Dennis C. Sanders, District Attorney, William P. Doupé, Assistant District Attorney*, for appellee.