S08A0938. STEINICHEN v. STANCIL et al.

(669 SE2d 109)

BENHAM, Justice.

At issue is title to a rectangular-shaped piece of real property measuring 25 feet by 75 feet in Hoschton, Georgia. Appellant Karen Steinichen filed a petition to quiet title against all the world with

regard to four contiguous parcels of real property, and appellee Larry Stancil, the owner of property adjacent to that of appellant, filed an answer and counterclaim in which he contended he held fee simple title to the property at issue. Pursuant to OCGA § 23-3-63, the case was submitted to a special master who quieted title to three of the four tracts in Stancil after ruling that Steinichen had failed to present evidence establishing title to those parcels.[1] As to the fourth parcel, the special master ruled that Steinichen had failed to carry her burden of proof to establish title, and that Stancil had presented sufficient evidence to establish adverse possession under color of title as well as prescriptive title without color of title. The trial court entered an order adopting the findings and the recommendation of the special master and declared Stancil as the holder of fee simple title to all the property in dispute. This appeal follows the denial of Steinichen's motion for new trial.

Steinichen does not take issue with the trial court's determination that she failed to establish title to the disputed tract. Instead, she asserts only that the evidence was insufficient to support the conclusion that Stancil had acquired the property by adverse possession.

> To establish title by adverse possession, whether by twenty years or seven years under color of title, a party must show possession not originated in fraud that is public, continuous, exclusive, uninterrupted and peaceable, and accompanied by a claim of right. [Cit.] "In an action to quiet title under OCGA § 23-3-60 et seq., the findings of the Special Master and adopted by the trial court will be upheld unless clearly erroneous." [Cit.] If there is any evidence to support the trial court's judgment, it will not be disturbed on appeal. [Cit.]

*Cooley v. McRae*, 275 Ga. 435, 436 (569 SE2d 845) (2002).[2]

There was evidence that the disputed property was part of a lot Stancil acquired by deed in 1999 from the DeLaPerriere estate. Prior to his purchase of the property, Stancil used the property in connection with the garage and wrecker service he operated on contiguous property he leased from the estate (1985-1999). He placed two school buses on the tract and used them to store engines and other parts. From 1971 to 1984, the estate leased to Lendgrin Maddox another portion of the building in which Stancil's business was located, and

---

[1] The ruling with regard to these three parcels of property is not at issue on appeal.

[2] In the instant case, the claim of possession is presumed to have originated in good faith since there is no evidence of fraud. *Childs v. Sammons*, 272 Ga. 737 (2) (534 SE2d 409) (2000).

authorized Maddox to use and maintain the real property at issue. Maddox testified he openly, continuously, and exclusively used the disputed tract for his business during the entire term of his tenancy, and he maintained the tract by "bush-hogging" it and keeping it clean. Maddox testified the tract was separated from the neighboring property by a deep drainage ditch. Stancil testified he has openly, continuously and exclusively used the property in dispute since Maddox's departure, and that there is a fence on the tract.

> In order to constitute the element of continuity which is essential to adverse possession as the foundation of a good prescriptive title [cits.], it is not necessary that adverse possession be maintained for the statutory period by the same person, since continuity may just as effectively be shown by the successive bona fide possessions of several persons, provided the requisite privity exists between them, so as to thus permit a tacking of their unbroken successive possessions. [Cits.] In order to show privity between successive occupants, all that is necessary is that one shall have received his possession from the other by some act of such other or by operation of law. [Cits.]

*Blalock v. Redwine*, 191 Ga. 169 (hns. 2 and 2 (a)) (12 SE2d 639) (1940).

The unrefuted testimony that Maddox and Stancil used the disputed property as tenants from 1971 until 1999 inures to the benefit of the landlord. *Fort Mtn. Container Corp. v. Keith*, 275 Ga. 210 (2) (564 SE2d 188) (2002). Accordingly, the DeLaPerriere estate possessed the tract from 1971 to 1999, by and through its tenants, and that possession can be tacked onto Stancil's possession as owner from 1999 until the present. See *Blalock v. Redwine*, supra, 191 Ga. at 170. Thus, the special master's finding that Stancil acquired the property by adverse possession is supported by some evidence, and the trial court's judgment adopting that finding is not clearly erroneous. See *Childs v. Sammons*, 272 Ga. 737, 739 (534 SE2d 409) (2000) (prescriptive title established by continuous possession of appellees and their predecessors in interest).

In light of our affirmance of the trial court's judgment based on the finding that Stancil acquired prescriptive title by possession for more than 20 years, we need not address the additional finding that Stancil also established adverse possession for seven years under color of title.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 2008.

*Kaye & Associates, Arnold S. Kaye, Salina M. Kennedy, J. Robert Thompson*, for appellant.

*Andersen, Tate & Carr, Thomas T. Tate, Jason W. Blanchard, Davidson, Hopkins & Alexander, Robert D. Alexander, Jr.*, for appellees.