A11A1715. CONGRESS STREET PROPERTIES, LLC
v. GARIBALDI'S, INC.
(723 SE2d 463)

DILLARD, Judge.

This is an appeal from an order granting summary judgment to Garibaldi's, Inc. on its complaint for declaratory judgment. The trial

---

court concluded that Garibaldi's acquired through adverse possession the right to use certain airspace occupied by a ventilation system encroaching onto neighboring property owned by Congress Street Properties, LLC. Congress Street argues that (1) Garibaldi's failed to present evidence sufficient to establish a claim of adverse possession, and (2) the trial court improperly shifted to Congress Street the burden of proving that Garibaldi's use of the property was permissive. For the reasons discussed infra, we affirm.

The pertinent facts before us are undisputed. Garibaldi's and Congress Street own adjacent property lots in Savannah, Georgia. Garibaldi's acquired its property in 1979 and undertook a major renovation of the existing building in order to make it suitable for restaurant use. This extensive renovation included the construction of a ventilation system on the outside of the west wall of the building, which encroaches onto the airspace above the adjoining property, then owned by Lorraine Lumbar and Baldwin Kahn. In March 1980, the renovation was complete, and Garibaldi's began operating as Garibaldi's Café. The ventilation system has been in place and Garibaldi's Café has been in operation since that time.

Congress Street purchased the property adjacent to Garibaldi's from Lumbar and Kahn in August 2002. Prior to the closing, the chief financial officer ("CFO") of Garibaldi's received a request through an attorney for Lumbar and Kahn that Garibaldi's sign a document acknowledging that the ventilation system encroached onto the neighboring property and agreeing to remove it if requested to do so. Garbaldi's declined this request.

In July 2009, Congress Street demanded for the first time that Garibaldi's remove the ventilation system. Garibaldi's filed a motion for declaratory judgment and interlocutory relief, asserting that it had adversely possessed the space occupied by the ventilation system through its open and continuous use of same for more than 29 years. The parties then filed cross-motions for summary judgment.

In support of its summary-judgment motion, Garibaldi's filed two affidavits. The first affidavit was from its CFO, who averred that her father incorporated Garibaldi's and was the sole shareholder until his death in 1998, at which time she and her siblings became the sole owners of the stock. She also asserted that her father was the individual responsible for acquiring the property and overseeing the renovation, and that she was unaware of any agreement reached between her father and Lumbar and Kahn regarding the encroachment of the ventilation system onto the latter's property, nor could she locate in Garibaldi's records or files evidence of any such

agreement.[1] The second affidavit was from Garibaldi's director of operations, who averred that the removal of the existing ventilation system and construction of a new system, in conjunction with lost revenues during the construction, would cost Garibaldi's between $50,000 and $100,000.

The trial court granted summary judgment to Garibaldi's and denied same to Congress Street, holding that Garibaldi's use of the airspace occupied by its ventilation system since 1980 has been public, continuous, exclusive, uninterrupted, peaceable, and did not originate in fraud. The trial court further held that "there is no evidence in the record that demonstrates [Garibaldi's] had permission from the adjoining landowner when the ventilator was originally built." This appeal follows.

At the outset, we note that this Court reviews the grant of a motion for summary judgment de novo, construing all facts and inferences from those facts in the light most favorable to the non-movant.[2] Summary judgment is proper if the record evidence, including affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] With these guiding principles in mind, we will now consider Congress Street's enumeration of error.

Our analysis begins with OCGA § 44-5-161 (a),[4] which outlines the essential elements of a claim for adverse possession—i.e., possession that is public, continuous, exclusive, uninterrupted, peaceable, accompanied by a claim of right, and not originating in fraud.[5] A claim of right is synonymous with a claim of ownership,[6] and "will be presumed from the assertion of dominion, particularly where the assertion of dominion is made by the erection of valuable improvements."[7] Conversely, we will not presume in the absence of evidence

---

[1] It is undisputed that at the time of the filing of this action, Lumbar was incapacitated and Kahn was deceased.

[2] *See Burnside v. GEICO Gen. Ins. Co.*, 309 Ga. App. 897, 898 (714 SE2d 606) (2011).

[3] *Benefield v. Tominich*, 308 Ga. App. 605, 607 (1) (708 SE2d 563) (2011) (punctuation omitted).

[4] OCGA § 44-5-161 (a) provides as follows:
 In order for possession to be the foundation of prescriptive title, it: (1) [m]ust be in the right of the possessor and not of another; (2) [m]ust not have originated in fraud except as provided in Code Section 44-5-162; (3) [m]ust be public, continuous, exclusive, uninterrupted, and peaceable; and (4) [m]ust be accompanied by a claim of right.

[5] *Chancey v. Ga. Power Co.*, 238 Ga. 397, 398 (1) (233 SE2d 365) (1977); *see also Walker v. Sapelo Island Heritage Auth.*, 285 Ga. 194, 196 (2) (674 SE2d 925) (2009); *Cooley v. McRae*, 275 Ga. 435, 436 (569 SE2d 845) (2002); *Childs v. Sammons*, 272 Ga. 737, 739 (2) (534 SE2d 409) (2000).

[6] *Walker*, 285 Ga. at 196 (2).

[7] *Chancey*, 238 Ga. at 398 (1) ("Even on motion for summary judgment, [an adverse possession claimant] is entitled to rely upon two presumptions in the absence of evidence to the

to the contrary that possession originated in fraud.[8] The party claiming prescriptive title has the burden of proving, by a preponderance of the evidence,[9] possession in conformance with the above elements for a period of 20 years and, once that burden is met, title of the occupied property is conferred to the adverse possessor.[10]

In the case sub judice, there is no dispute that, for a period of more than 20 years, Garibaldi's possession of the airspace occupied by its ventilation system has been public, continuous, exclusive, uninterrupted and peaceable. Furthermore, we will presume from its assertion of dominion that the possession has been under a claim of right, and there is no allegation or evidence that the possession originated in fraud. Accordingly, Garibaldi's has established by a preponderance of the evidence each of the essential elements of adverse possession required under Georgia law.

Nevertheless, Congress Street argues that Garibaldi's was also required to prove that its use of the airspace lacked the permission of the previous landowners, Lumbar and Kahn, relying on the following statutory language from OCGA § 44-5-161 (b): "[p]ermissive possession cannot be the foundation of a prescription until an adverse claim and actual notice to the other party."[11]

We cannot agree with Congress Street's interpretation that OCGA § 44-5-161 (b) places the burden on Garibaldi's to prove that its use of the airspace was not permissive as part of its prima facie case. Rather, in accordance with the plain language of the statute and applicable Georgia law, Garibaldi's satisfied its burden once it established by a preponderance of the evidence each of the elements explicitly set forth within OCGA § 44-5-161 (a).[12] Once it did so, the burden then shifted to Congress Street to rebut the presumption of adverse possession with evidence of permissive use. To hold otherwise would not only inject into OCGA § 44-5-161 (a) an additional essential element of the claim that was not included by the legisla-

---

contrary: A claim of right will be presumed from the assertion of dominion, particularly where the assertion of dominion is made by the erection of valuable improvements; possession originating in fraud will not be presumed." (citations omitted)); *accord Childs*, 272 Ga. at 739 (2); *Roylston v. Conway*, 251 Ga. App. 648, 653 (2) (555 SE2d 28) (2001).

[8] *See Chancey*, 238 Ga. at 398 (1).

[9] *Dyal v. Sanders*, 194 Ga. 228, 233 (21 SE2d 596) (1942) (noting that "the burden was on the [adverse possession claimant] to prove his prescriptive title by a preponderance of the evidence").

[10] OCGA § 44-5-163 ("Possession of real property in conformance with the requirements of Code Section 44-5-161 for a period of 20 years shall confer good title by prescription to the property against everyone except the state and those persons laboring under the disabilities stated in Code Section 44-5-170.").

[11] OCGA § 44-5-161 (b).

[12] *See Chancey*, 238 Ga. at 398 (1); *see also Cooley*, 275 Ga. at 436; *Childs*, 272 Ga. at 739 (2).

ture,[13] but also would place upon an adverse possessor the burden of proving a negative fact.[14] And because Congress Street was unable to present any evidence of permissive use sufficient to rebut Garibaldi's evidence of adverse possession, the trial court did not err in granting Garibaldi's motion for summary judgment and in turn denying Congress Street's motion for the same.[15]

*Judgment affirmed. Mikell, P. J., and Boggs, J., concur.*

DECIDED FEBRUARY 16, 2012 — 

*Bart & Meyer, Roy E. Paul*, for appellant.

*Callaway, Braun, Riddle & Hughes, Dana F. Braun, T. Daniel Tucker*, for appellee.

---

[13] *See generally Ga. Transmission Corp. v. Worley*, 312 Ga. App. 855, 856 (720 SE2d 305) (2011) ("[W]e apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." (punctuation omitted)); *Davis v. Wallace*, 310 Ga. App. 340, 345 (2) (713 SE2d 446) (2011) ("A well-established canon of statutory construction, inclusio unius, exclusio alterius, provides that the inclusion of one implies the exclusion of the others." (punctuation omitted)).

[14] *Cf. Woods v. State*, 233 Ga. 347, 348 (1) (211 SE2d 300) (1974) ("[I]n certain types of [criminal] offenses, where proof of the offense involves proof of a negative, and where the State has proven all of the other elements of the offense by positive evidence and has shown by evidence of circumstances consistent therewith that the negative is in truth the fact, and especially where the negative relates to a matter peculiarly within the knowledge of the defendant, then the burden may shift to the defendant to prove that the negative does not exist.").

[15] *See, e.g., Chancey*, 238 Ga. at 398 (1); *see also Cooley*, 275 Ga. at 436. *Compare Walker*, 285 Ga. at 196-98 (2) (reversing grant of summary judgment after concluding that the evidence presented a genuine issue of material fact as to whether property in question had been obtained by prescriptive title).