In the Supreme Court of Georgia

Decided: September 22, 2014

S14A1055. KELLEY et al. v. RANDOLPH et al.

THOMPSON, Chief Justice.

This case arises out of a dispute regarding title to property located in the Ansley Park subdivision in Atlanta, Georgia. Appellants Mark Kelley and Becky Powhatan Kelley and appellees Erich and Suzette Randolph are adjoining property owners. Their backyards are partly contiguous and between their respective properties is a strip of land designated by plat as an alleyway. The alleyway does not run from street to street, no evidence has been presented of it ever having been used as an alleyway, and the remnants of the alleyway are no longer visible.

The Randolphs purchased their property in 1987. In 1990, they constructed railroad tie terraces in their backyard to raise and level the yard for their personal use. At the time the terraces were constructed, the Randolphs believed all construction was completed within their property line. Appellants,

who bought their property in 2007, undertook in approximately 2011 to ascertain their rear property line so that they could design and install a landscape project. Their investigation revealed to all parties for the first time that the Randolphs' terraces and construction debris from the Randolphs' property had encroached onto the alleyway and over appellants' rear property line. Appellants informed the Randolphs of the encroachment and asked them to relocate the terraces and remove the debris, but the Randolphs refused.

Because of the Randolphs' refusal, appellants brought an action claiming trespass and seeking a declaratory judgment: (1) establishing title to their property; (2) determining that they would have no duty to provide lateral support to the Randolphs' property after the encroaching terraces and construction debris were removed; and (3) requiring the Randolphs to abate the nuisance created by the blockage in the alleyway. The Randolphs claimed in response that they had obtained prescriptive title to both the privately owned alleyway and a portion of appellants' property through adverse possession. See OCGA § 44-5-163. After the parties filed cross-motions for summary judgment, the trial court denied appellants' motion and granted the Randolphs' motion on their claim of prescriptive title by adverse possession. Appellants appealed, and

2

for the reasons that follow, we affirm the trial court's summary judgment rulings.

1. On appeal, "[w]e review de novo a trial court's grant of summary judgment, construing the evidence in a light most favorable to the non-moving party." Latson v. Boaz, 278 Ga. 113 (598 SE2d 485) (2004). "To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." Id.

Appellants assert the trial court erred by granting summary judgment in favor of the Randolphs based on its conclusion that the Randolphs acquired prescriptive title by adverse possession to those portions of the disputed property where the terraces and construction debris are located. The burden of establishing prescriptive title lies on the party claiming it. See Murray v. Stone, 283 Ga. 6 (1) (655 SE2d 821) (2008). To establish adverse possession, a party must show possession that is in the right of the party asserting possession and not another and that is public, continuous, exclusive, uninterrupted and peaceable, and accompanied by a claim of right. OCGA § 44-5-161. See Cooley v. McRae, 275 Ga. 435, 436 (569 SE2d 845) (2002). Possession of

property in conformance with these elements for a period of 20 years confers good title by prescription to the property. OCGA § 44-5-163.

Based on the record evidence, we agree with the trial court that the Randolphs satisfied their burden as to each of the elements required to establish prescriptive title by adverse possession. It is undisputed that the terraces and construction debris encroaching onto the alleyway and appellants' property have remained in the same place continuously since at least 1990 when the terraces were built, thus satisfying the statutory 20-year prescriptive period. The building of the terraces changed the nature and appearance of the property and gave notice to all that the Randolphs were exercising possession over the property in question. See Cheek v. Wainwright, 246 Ga. 171 (1) (269 SE2d 443) (1980). Construction of the terraces also demonstrated the Randolphs' exercise of exclusive dominion over the property and an appropriation of it for their own use and benefit. See Georgia Power Co. v. Irvin, 267 Ga. 760, 762 (482 SE2d 362) (1997). Finally, the construction of the terraces established a claim of right to the property in that it made clear that the Randolphs were claiming the disputed property as their own. See Walker v. Sapelo Island Heritage Authority, 285 Ga. 194, 196 (2) (674 SE2d 925) (2009) ("claim of

4

right" is synonomous with "claim of title" and "claim of ownership" "in the sense that the possessor claims the property as his own"). As there were no allegations that the Randolphs' possession originated in fraud, their good faith is presumed.[1] See Childs v. Sammons, 272 Ga. 737, 739 (2) (534 SE2d 409) (2000). See also Bridges v. Brackett, 205 Ga. 637 (1) (54 SE2d 642) (1949) (honest mistake as to boundary of land was not fraudulent and did not prevent actual adverse possession from ripening into prescriptive title after 20 years); Waxelbaum v. Gunn, 150 Ga. 408 (1) (104 SE 216) (1920) (adverse possession of land under claim of right for 20 years, though originating in mistake, ripened into prescriptive title).

Because the record discloses no genuine issue of material fact as to whether the Randolphs met their burden of proving by a preponderance of the evidence each of the elements required to establish their adverse possession of the property, we find no error in the trial court's summary judgment order

---

[1] Not only do appellants not allege that the Randolphs' possession originated in fraud, but they argue that the Randolphs' innocent or mistaken possession of the property from 1990 until 2011 prevents them from establishing the claim of right element. In fact, had the Randolphs known in 1990 that the terraces were constructed on property belonging to another, their knowledge would be fatal to their adverse possession claim because "no prescription runs in favor of one who takes possession of land knowing it did not belong to him." Ellis v. Dasher, 101 Ga. 5, 9-10 (29 SE 268) (1897).

granting them prescriptive title. See <u>Congress Street Properties, LLC v. Garibaldi's, Inc.</u>, 314 Ga. App. 143, 145-146 (723 SE2d 463) (2012). See also <u>Dyal v. Sanders</u>, 194 Ga. 228, 233 (21 SE2d 596) (1942) (burden is on one claiming adverse possession to prove prescriptive title by preponderance of the evidence).

2. Nor do we find any error in the trial court's grant of summary judgment in favor of the Randolphs on appellants' abatement claim in which they sought the removal of the terraces and construction debris from the alleyway. Even assuming appellants previously held title to one-half of the alleyway, ownership of that portion of the alleyway now lies with the Randolphs based on their acquisition of the disputed property by prescriptive title and any rights appellants had to the property, including any asserted easement rights, have been extinguished.[2] See <u>Georgia Power Co. v. Gibson</u>, 226 Ga. 165 (2) (173 SE2d 217) (1970) ("prescriptive title to an easement is governed by the same rules as prescriptive title to land"); <u>Warlick v. Rome Loan & Finance Co.</u>, 194 Ga. 419 (1) (22 SE2d 61) (1942). Similarly, because the Randolphs hold

---

[2] Appellants argued that in addition to legal title to one-half of the alleyway, they have an easement of ingress and egress over the entire alleyway which was being denied them by the presence of the terraces and construction debris in the alleyway.

prescriptive title to that part of the alleyway located between the parties' properties, appellants were not entitled to summary judgment on their claim seeking a declaration that they would have no duty of lateral support once the terraces and debris were removed. See OCGA § 44-9-3 ("owners of adjoining lands owe to each other the lateral support of the soil of each to that of the other in its natural state).

Judgment affirmed. All the Justices concur.