**THIRD DIVISION**
**MARKLE and HODGES, JJ.,**
**SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 10, 2023**

# In the Court of Appeals of Georgia

A22A1218. MONGEON et al. v. POSEY et al.

MARKLE, Judge.

In this adverse possession case, Michael Mongeon and Patricia Mongeon appeal from the trial court's grant of summary judgment in favor of Jason Posey and Kila Posey. The trial court found that the Mongeons did not adversely possess a strip of land between the Mongeons' and Poseys' houses. For the reasons set forth infra, we affirm in part and reverse in part.

> On appeal from the grant of summary judgment, [the reviewing court] conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations and punctuation omitted.) *Cartersville Ranch, LLC v. Dellinger*, 295 Ga. 195 (758 SE2d 781) (2014). So viewed, the record shows the following.

The Poseys and the Mongeons are side-by-side neighbors who share a common boundary line between their properties. The property line runs in between their homes and in between their backyards.

The Mongeons purchased their property in April 1999. At the time the Mongeons bought the property, there was a chicken wire fence running from the rear of the Mongeons' house and dividing the two backyards. Michael Mongeon did not know who put up the fence and assumed it was the previous owner of the Posey property. There was also an HVAC unit located on the side of the Mongeons' house.

In 2003, Michael Mongeon replaced the chicken wire fence with a cedar fence using the same posts that once supported the wire fence. Sometime later, he cooperated with the previous owner of the Posey property to move the cedar fence one foot farther inward on the Posey property in order to provide protection from vermin.

In 2007, the Mongeons installed a second HVAC unit on the side of their house. Over the next several years, the Mongeons made several improvements at the side of their house near the boundary line, including: in 2006, sod around the fence;

2

in 2017, installation of a retaining wall; in 2017, the placement of railroad ties; and the construction of a fairy garden.

The Poseys purchased their property in 2020. They conducted a survey and discovered several encroachments along the property line. According to the survey, the retaining wall, railroad ties, cedar fence, and part of the HVAC units encroached on the Poseys' property. The Mongeons conducted their own survey, and both surveys agreed on the location of the boundary pins, and the placement of those pins showed that there were encroachments across the boundary line.

In July 2020, the Mongeons moved one of the HVAC units to the back of their house. When the Poseys started construction on a driveway, the Mongeons agreed to remove any further encroachments. However, the Mongeons did not immediately remove the rest of the encroachments, including the retaining wall and railway ties, even though the Poseys sent them several demand letters. The Mongeons ultimately removed most of the remaining encroachments in January 2021, and they removed the retaining wall in February 2021.

The Poseys filed a complaint asserting claims of ejectment and trespass. They claimed that the Mongeons' failure to timely remove the encroachments resulted in an additional $5,000 charge for debris removal because the Poseys' construction

3

workers were unable to place a dumpster on the driveway. The Mongeons responded that they adversely possessed the area in dispute. The parties filed cross-motions for summary judgment, and in its order, the trial court rejected the Mongeons' adverse possession claim and found that they had trespassed on the Poseys' property. This appeal followed.

1. The Mongeons argue that the trial court erred in concluding as a matter of law that they did not adversely possess any portion of the area in dispute.

As an initial matter, the Poseys argue that the Mongeons waived this argument by failing to raise it in the trial court below. They contend that the Mongeons claimed below to adversely possess the entire portion of the area in issue — not a portion of it — and that the Mongeons failed to argue that their possession was exclusive. On appeal, we cannot reverse the trial court "on any ground or argument not presented for or against a motion for summary judgment." (Citation and punctuation omitted.) *Hash Properties, LLC v. Conway*, 298 Ga. App. 241, 243 (1) (679 SE2d 799) (2009).

Based on our review of the Mongeons' motion for summary judgment and their response to the Poseys' motion, we conclude that the Mongeons adequately presented these issues before the trial court. The Mongeons argued, for example, that their maintenance of the boundary fence and the location of the HVAC unit demonstrated

4

possession of the disputed area. The trial court also considered these facts in its order. Additionally, the Poseys argued before the trial court that the Mongeons failed to adequately define the area of dispute, and the court explicitly rejected this argument. The court found that the Mongeons attached the survey to their counterclaim for adverse possession, and that this survey could be used to identify the encroaching areas. While the Mongeons reached too far in claiming that they were entitled to the entire disputed area, as explained below, they adequately presented the facts and legal issue regarding adverse possession to the trial court. See generally *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 828 (2) (573 SE2d 389) (2002).

We turn now to the merits of the Mongeons' adverse possession claim. OCGA § 44-5-161 (a) outlines the essential elements for adverse possession: (1) possession; (2) not originated in fraud; (3) that is public, continuous, exclusive, uninterrupted, and peaceable; and (4) accompanied by a claim of right. A party without written evidence of title must satisfy these requirements for 20 years. See OCGA §§ 44-5-163; 44-5-164.

To simplify, only two encroachments can meet this 20-year requirement — the HVAC unit and chicken wire fence that were present in 1999. The remaining improvements along the boundary line, including the cedar fence, sod, railway ties,

5

and second HVAC unit, all occurred within 20 years, and thus cannot support an adverse possession claim. See *Haffner v. Davis*, 290 Ga. 753, 755 (1) (725 SE2d 286) (2012). We therefore focus on the HVAC unit and chicken wire fence.

(a) *HVAC Unit*

Neither the parties nor the trial court dispute that the HVAC unit was a structure owned by the Mongeons that stood on a portion of the Poseys' property for the full 20 years. This possession was public, continuous, exclusive, uninterrupted, peaceable, and not originating in fraud. See OCGA § 44-5-161 (a) (2), (3). Indeed, we have held that a party may adversely possess the area occupied by a ventilation system that encroached on a neighboring property. See *Congress Street Properties, LLC v. Garibaldi's, Inc.*, 314 Ga. App. 143, 144-147 (723 SE2d 463) (2012).

What remains is whether this possession satisfied OCGA § 44-5-161 (a) (4) — whether it was "accompanied by a claim of right." "The term 'claim of right' is synonymous with 'claim of title' and 'claim of ownership.' While this does not mean that the possession must be accompanied by a claim of title out of some predecessor, it does mean that there must be some claim of title in the sense that the possessor claims the property as his own." (Citation and punctuation omitted.) *Simmons v. Community Renewal & Redemption, LLC*, 286 Ga. 6 (1) (685 SE2d 75) (2009). "A

6

claim of right will be presumed from the assertion of dominion, particularly where the assertion of dominion is made by the erection of valuable improvements[.]" *Chancey v. Ga. Power Co.*, 238 Ga. 397, 398 (1) (233 SE2d 365) (1977).

Here, there is a genuine issue of material fact as to whether the Mongeons established this claim of right element. The Mongeons have a presumption for a claim of ownership because they established dominion over the area occupied by the HVAC unit and because the unit represented a valuable improvement. See *Chancey*, 238 Ga. at 398 (1). However, they later moved the unit to their backyard after the Poseys informed them that it encroached on the Poseys' property.[1] While abandonment does not extinguish a prescriptive title gained through adverse possession, see *Bridges v. Henson*, 216 Ga. 423, 424 (2) (116 SE2d 570) (1960), that abandonment can be used as evidence to show "an implied admission of a better outstanding title." *Tarver v. Deppen*, 132 Ga. 798, 805 (7) (65 SE 177) (1909). Thus, there is a jury question on this issue, and the trial court erred in granting summary judgment in favor of the Poseys on this claim.

---

[1] The Mongeons argue that communications and conduct regarding removal of the HVAC unit constituted settlement negotiations and were thus inadmissible under OCGA § 24-4-408. However, they failed to raise this argument before the trial court. See *Whitcomb v. Bank of America, N.A.*, 365 Ga. App. 795, 803 (5) (a) (880 SE2d 310) (2022).

(b) *Chicken Wire Fence*

The chicken wire fence was also present when the Mongeons purchased the property in 1999. According to a 1992 survey, the fence did not accurately follow the property line. Rather, the fence crossed the property line on a slight diagonal such that it encroached on both properties by a minor amount.[2] In 2003, the Mongeons replaced the wire fence with a cedar fence, and sometime later, with cooperation from the previous owner of the Posey property, moved the fence about a foot onto the Poseys' property. This new fence was completely over the Poseys' property line, but was built outside the 20-year period for an adverse possession claim, and was done with permission from the previous owner. See OCGA § 44-5-161 (b).

Thus, only the encroaching portion of the chicken wire fence can satisfy the requirements of OCGA § 44-5-161. However, there is an issue of material fact as to whether this chicken wire fence, which Michael Mongeon described as "low-quality metal" and which did not straddle the entire property line, constituted exclusive and notorious possession. See *Guagliardo v. Jones*, 238 Ga. App. 668, 669 (518 SE2d 925) (1999) (holding that an issue of material fact existed as to whether a hog wire

---

[2] The survey is difficult to read, but it appears these encroachments were 1.2 feet at the northeastern end onto the Poseys' property, and 0.5 feet at the southwestern end onto the Mongeons' property.

fence, which was in "pretty bad shape" and with at least one break in the fence, constituted exclusive and notorious possession). Additionally, there is an issue of material fact as to the exact dimensions of the encroaching area of the chicken wire fence. See *Sherman v. Thomas-Lane American Legion Post 597*, 330 Ga. App. 618, 622 (3) (768 SE2d 797) (2015). Thus, there is a jury question on this issue, and the trial court erred in granting summary judgment in favor of the Poseys on this claim.

2. The Mongeons argue that the trial court erred in granting summary judgment as to their liability for trespass.

"An owner of real property has the right to possess, use, enjoy, and dispose of it, and the corresponding right to exclude others from its use. In an action for trespass, the landowner may recover compensatory damages upon a showing of any wrongful, continuing interference with a right to the exclusive use and benefit of a property right." (Citations and punctuation omitted.) *LN West Paces Ferry Assocs., LLC v. McDonald*, 306 Ga. App. 641, 643 (1) (a) (703 SE2d 85) (2010).

An issue of material fact remains only with respect to the Mongeons' adverse possession claims for the property encroached by the HVAC unit and the chicken wire fence — not the entire disputed area. Because the Mongeons undisputedly encroached on the Poseys' property, through structures like the retaining wall and

9

railroad ties, the trial court did not err in finding the Mongeons liable for trespass. See *LN West Paces Ferry*, 306 Ga. App. at 645 (1) (a). Notably, however, the trial court also found that a jury question existed as to the amount of damages.

3. In summary, an issue of material fact exists regarding the Mongeons' adverse possession claim as to the property encroached on by the HVAC unit and chicken wire fence. We reject the Mongeons' adverse possession claim as to the entire disputed area because the other encroachments did not satisfy the 20-year requirement. Finally, we affirm the trial court's finding that the Mongeons were liable for trespass.

*Judgment affirmed in part and reversed in part. Hodges, J., and Senior Appellate Judge Herbert E. Phipps concur*.